PATRICK FLAHERTY, complainant,

*v.*

AMOS W. CRAMER et al., defendants.

[Filed March 7th, 1901.]

V., who held the legal title to certain premises charged with a resulting trust in favor of F., conveyed the same to one K., in satisfaction of a debt due from her to him, he having no knowledge of the existence of the trust. At the time of the conveyance F. was in possession of the premises. —*Held*, that F.'s possession was constructive notice to K. of the right under which he was in the occupation of the premises, and that K. took title thereto subject to the trust existing in favor of F.—*Held, further*, that the failure of F. to institute proceedings for the enforcement of the trust until the expiration of two years after the conveyance to K. was not such laches as barred him from obtaining full relief against K., and would not justify a court of equity in refusing to direct a conveyance of the premises by K. to him, except upon condition that he pay to K. the amount of the indebtedness in satisfaction of which the latter received the conveyance from V.

On appeal of complainant from a decree advised by Vice-Chancellor Pitney. Opinion not filed.

*Mr. James F. Minturn,* for the appellant.

*Mr. Joseph S. Parry* and *Mr. Charles C. Black,* for the respondent Joseph W. Kayser.

The opinion of the court was delivered by

GUMMERE, J.

The appellant, who was the owner of certain lands in the city of Hoboken, filed his bill in this cause to obtain relief against a sheriff's sale thereof, had under a judgment which had apparently been entered against him, and in favor of one Cramer, in the Hoboken district court (but which, in fact, had no legal

existence), and also against a subsequent conveyance thereof made by the sheriff's grantee, a Mrs. Voorhees, to Kayser, the respondent.

The facts and circumstances of the case are very fully and accurately set out in the opinion of the vice-chancellor, and a re-statement of them is not necessary for the determination of this appeal. On those facts the vice-chancellor considered that Flaherty was entitled to the relief sought by him as against the defendants, Cramer and Voorhees, but that he was not entitled to have the conveyance made by Voorhees to the respondent set aside, except upon condition that he pay to the latter the amount of a certain judgment which had been recovered against Cramer and the respondent by one Meyenberg, upon a bond upon which respondent was a surety, and which he had been compelled to pay; and it was so decreed. From this part of the decree the appeal is taken. The conveyance made by Mrs. Voorhees to Kayser was for the purpose of reimbursing him for the moneys he had been compelled to pay on account of the Meyenberg judgment, she having given him a bond indemnifying him against loss on that account; and the vice-chancellor considered that, in equity, the appellant was bound to refund to him the amount paid by him on the Meyenberg judgment because he delayed filing his bill in this cause until the expiration of nearly two years after the making of the conveyance to the respondent, and, in the meantime, failed to notify the latter of his claim to be the real owner of the property, thereby, probably, causing the respondent to refrain from prosecuting Mrs. Voorhees upon her bond of indemnity.

It does not seem to me that the delay of the appellant in the institution of this suit, even if not excused by the facts in evidence (a conclusion which, in my opinion, is not warranted), and his failure to notify the respondent of his claim of title, justify the imposition of the condition decreed by the court below. At the time of the conveyance by Mrs. Voorhees to the respondent she held the title to the premises as trustee of the appellant, who was then, and has ever since been, in possession thereof; and although no actual notice was given to the respond-

cnt of the appellant's rights, yet he was put upon inquiry by the latter's possession, and was chargeable with constructive notice of the rights upon which that possession was founded. He was neither a purchaser for a valuable consideration, nor a purchaser without notice, and stood in the same position as that occupied by his grantor. This being so, he is not entitled to hold the appellant's property as a security for the repayment of the moneys expended by him in discharge of the Meyenberg judgment.

It appears from the evidence in the case that, subsequent to the conveyance to the respondent, and prior to the institution of this suit, there was paid by him in satisfaction of certain taxes and water rents assessed against the property involved in this litigation the sum of $75.96. These payments inured to the benefit of his *cestui que trust,* the appellant, and it is but equitable that the latter should reimburse him for this expenditure. The appellant is entitled to a decree directing the conveyance of the premises by Kayser to him, upon being paid the amount expended for taxes and water rents, with interest thereon from the dates of payment.

The portion of the decree appealed from should be reversed, and a decree should be entered in accordance with the veiws here expressed.

The appellant is entitled to costs.

*For reversal* — THE CHANCELLOR, CHIEF-JUSTICE, VAN SYCKEL, DIXON, GARRISON, GUMMERE, COLLINS, FORT, HENDRICKSON, BOGERT, ADAMS, VREDENBURGH, VOORHEES—13.

*For affirmance*—None.