## GUSTE et al. v. UNITED STATES.
## KUGLER et al. v. SAME.
### Nos. 6321, 6421.

Circuit Court of Appeals, Fifth Circuit.
Jan. 25, 1932.

William J. Guste, of New Orleans, La., for appellants Guste and others.

C. A. Buchler, of Gretna, La., for appellants Kugler and others.

E. E. Talbot, U. S. Atty., and J. W. Hopkins, Sp. Asst. to U. S. Atty., both of New Orleans, La.

No. 6321: Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

No. 6421: Before BRYAN, FOSTER, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

The United States instituted these proceedings, under the Act of Congress of May

15, 1928, providing for control of flood waters of the Mississippi river and its tributaries, 45 Stat. 534 (33 USCA § 702a et seq.), for the condemnation of two tracts of land for the use of a spillway to be constructed from the Mississippi river into Lake Pontchartrain, at an average distance of about 20 miles from the city of New Orleans. One of these tracts, known as the Guste-Johnson tract, contains about 2,000 acres, has a frontage on the lake of 3,492 feet, and extends back between diverging lines a distance of approximately two miles. It consists of a swamp, which ranges from sea level to an elevation of 3 feet above. In its natural state it was covered by cypress timber, which before suit had been removed. The other tract, known as the Kugler tract, contains 920 acres, has a frontage on the river of 3,095 feet, extends back a distance of about 2 miles, and has for many years been used as a plantation.

Section 4 of the Flood Control Act contains the provision that in condemnation proceedings the federal District Court for the district in which the land lies, "for the purpose of ascertaining the value of the property and assessing the compensation to be paid, shall appoint three commissioners, whose award, when confirmed by the court, shall be final." 45 Stat. 536; 33 USCA § 702d. The court appointed three commissioners, and, in giving them their instructions, directed them to find the market value of the land at the time of the appropriation, and that in arriving at market value it was proper to consider the available uses to which the land could then be put by the owner, or which might reasonably be expected in the immediate future. These instructions were not excepted to either by the government or by the landowners, and could not well have been, as they were in substance the same as the rules for valuation of land sought to be condemned which were approved by the Supreme Court in Boom Co. v. Patterson, 98 U. S. 403, 25 L. Ed. 206. The commissioners filed a report awarding as damages to Guste-Johnson over $250,000, and to Kugler $200,000. The government filed exceptions, contending that the commissioners, in disobedience to the court's instructions, had adopted erroneous principles for determining values, and that as a result the amounts arrived at were based upon remote and speculative uses of the land; and requested the court to consider as a part of its exceptions a transcript of the testimony taken before the commissioners, and all exhibits filed with

them. The landowners also filed exceptions, contending that the amounts awarded were inadequate. They also joined in the government's request for a review of the entire evidence taken before the commissioners, but later some of them took the position that the court was without authority to pass upon the facts, because there was no claim that in arriving at the awards the commissioners had been guilty of partiality or corruption, or had made a plain mistake.

The commissioners filed a supplemental report, attempting to justify the amounts of their awards, which report purported to contain, not all the evidence submitted, but only "in brief that portion of the testimony from which its conclusions were derived." In that supplemental report valuations, placed upon the Guste-Johnson lands ranged from $100 to $500 per acre, on the theory that within four or five years that tract would be filled in and reclaimed, and then could be sold as sites for rural homes. The valuation which they placed on the Kugler land was based on the assumption that at some indefinite time in the future that tract would be developed into industrial and residential districts, and could be made to attain its greatest value by being used "for industrial purposes whenever the industrial value exceeds the present value for homes and farms." In passing upon the exceptions, the court, after considering the evidence, as it had been requested to do, held that the commissioners, in arriving at the amounts of their awards, had applied erroneous principles, and had made a plain mistake, stating in that connection that they had erroneously admitted and considered a great mass of immaterial evidence, and that manifestly the injurious influence of such evidence was reflected in their report. Thereupon the court refused to confirm that report, and subsequently appointed three other commissioners, who, after investigation, reported that they had awarded to Guste and Johnson $100,000 and to the Kuglers $150,000, speaking in round numbers. The awards of this second set of commissioners were confirmed by the court. It thus appears that the average value placed upon the Guste-Johnson land by the first commission was $125 per acre, and by the second $50 per acre; and that the average value placed upon the Kugler lands by the first commission was $200 per acre, and by the second $150 per acre. The wide difference between the amounts awarded by the two commissions is some indication that both did not proceed upon the same theory

of valuation. The evidence upon which the trial court based its order rejecting the awards of the first commission, and approving the awards of the second commission is not brought up and does not appear in the record before us.

 It hardly can be denied that it was the duty of the court to give appropriate instructions to the commissioners for their guidance in determining the value of the lands that were being condemned. Under the terms of the act of Congress, the award of the commissioners becomes final when it is confirmed by the court. It would be a strange doctrine that would not permit the court to withhold its approval if its instructions have been ignored or seriously disobeyed by the commissioners, and the amount of their award is challenged. Ordinarily, the court is not required to consider the evidence taken by the commissioners in the absence of a claim of plain mistake whether of law or fact, or of plain partiality or corruption. Shoemaker v. United States, 147 U. S. 282, 13 S. Ct. 361, 37 L. Ed. 170; Columbia Heights Realty Co. v. Rudolph, 217 U. S. 547, 30 S. Ct. 581, 54 L. Ed. 877, 19 Ann. Cas. 854. The just cited cases are the ones principally relied on by the appellants in support of their contention that the court erred in rejecting the awards recommended by the first commission. Neither of those cases supports the view that the court is without authority to examine the evidence so as to ascertain whether it is sufficient to sustain awards which are challenged on the grounds that the commissioners disobeyed instructions and disregarded the principles applicable in determining valuation. In the instant case, the court, upon an examination of the evidence, found as a fact that the first commissioners had disregarded its instructions, and as a result had made a plain mistake in arriving at a fair valuation of the land. Their report tends to sustain the finding of the court; for it appears to be a fair inference therefrom that the value placed upon the land was not its present market value, influenced only by available use in the immediate future, but was an estimate of the uncertain value which the land might have in the future for remote and speculative uses. But, aside from everything else, the trial court had the right to consider the evidence on exceptions based on the ground that its instructions, especially as to market value, had been disobeyed in essential particulars, and that as a result of such disobedience the first commission had recommended awards that were excessive.

Whether or not it was error to sustain those exceptions and reject the awards of the first commission, it is impossible for us to determine, since the evidence upon which the trial court acted and based its conclusions is not before us.

The orders appealed from are affirmed.