## BOARD OF COUNTY COM'RS OF OSAGE COUNTY, OKL., et al. v. UNITED STATES.

### No. 777.

Circuit Court of Appeals, Tenth Circuit.
April 10, 1933.

Leander Hall, of Hominy, Okl. (C. K. Templeton, of Pawhuska, Okl., on the brief), for appellants.

Jno. M. Goldesberry, U. S. Atty., of Tulsa, Okl. (Harry Seaton, Asst. U. S. Atty., of Tulsa, Okl., on the brief), for the United States.

Before LEWIS and PHILLIPS, Circuit Judges, and JOHNSON, District Judge.

PHILLIPS, Circuit Judge.

This is an appeal from a decree canceling certain assessments made by Osage County against lands of members of the Osage Tribe of Indians, which lands are exempt from state taxation (United States v. Mullendore (C. C. A. 8) 35 F.(2d) 78); enjoining assessment of such lands in the future; and awarding recovery against the county for taxes illegally collected on such void assessments, payments of which were made under compulsion.

The appeal was granted April 4, 1932. The assignment of errors was not filed until April 8, 1932. This was a plain violation of Rule 11 [1] of this court. The United States has moved to dismiss on that ground. The motion should be granted, unless there is a plain and serious error which the court should notice without an assignment thereof. Reed v. Anderson (C. C. A. 8) 236 F. 345; Willamette & Columbia River Towing Co. v. Hutchison (C. C. A. 9) 236 F. 908; Columbia Heights Realty Co. v. Rudolph, 217 U. S. 547, 551, 30 S. Ct. 581, 54

---

[1] Rule 11 of this court in part reads as follows: "The appellant shall file with the clerk of the court below, with his petition for appeal, an assignment of errors which shall set out separately and particularly each error asserted and intended to be urged. No appeal shall be allowed until such assignment shall have been filed. * * * Errors not assigned according to this rule may be disregarded, but the court at its option may notice a plain error."

---

L. Ed. 877, 19 Ann. Cas. 854; United States v. Tennessee & C. R. Co., 176 U. S. 242, 256, 20 S. Ct. 370, 44 L. Ed. 452.

The only defense interposed in the instant case was the failure of the United States to comply with the provisions of the state statute by paying the alleged illegal tax and to sue to recover the same within the time limited by state law. That this constitutes no defense in such a case was held by the Supreme Court in United States v. Board of County Com'rs of Osage County, Okl., 251 U. S. 128, 133, 40 S. Ct. 100, 64 L. Ed. 184; Ward v. Love County, Okl., 253 U. S. 17, 24, 40 S. Ct. 419, 64 L. Ed. 751; and Carpenter v. Shaw, 280 U. S. 363, 369, 50 S. Ct. 121, 74 L. Ed. 478.

There being no plain error apparent on the record, the appeal is dismissed.