## CONCORD IMPROVEMENT CO. v. REICHELDERFER et al.
### No. 5627.

Court of Appeals of the District of Columbia.

Argued Feb. 10, 1933.

Decided April 10, 1933.

Albert F. Adams and D. S. Ring, both of Washington, D. C., for appellant.

William W. Bride, Vernon E. West, and Thomas F. Cameron, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from a final order of the Supreme Court of the District of Columbia overruling exceptions and objections to the verdict of a jury in the matter of the condemnation of land in square 152 for alley purposes and ratifying and confirming the verdict awarding damages and assessments of benefits.

Error is assigned in the action of the trial court in striking the answer of appellant filed in the case. Appellant was permitted by order of the court to file its answer by October 13, 1930. On that date the court ordered the impaneling of the jury, and on November 10, 1930, the jury was appointed by order of court, duly sworn, and instructed by the court to view the land and premises. Appel-

190

lant's answer was not filed until December 12, 1930.

It is urged by appellant that under the authority of this court in Banville v. Sullivan, 11 App. D. C. 23, it had a right to file an answer at any time prior to the entry of judgment by default, or by a decree pro confesso. The Banville Case, however, was one coming within the general jurisdiction of the court, where the rights of the parties in the matter of pleadings is fixed by rule or statute. We are here dealing with a special procedure under section 1608 et seq. of the Code (D. C. Code 1929, T. 25, § 72 et seq.). In this proceeding there is no such thing as judgment by default or pro confesso. It involves the condemnation of land and the taking of private property for public use; and it is incumbent that this be done in strict conformity to the procedure defined by statute. It follows that an answer is not necessary in this proceeding to protect the interests of appellant, since it was given notice and right to appear at the hearing and examine witnesses, produce witnesses, and protect its interests as completely as though its claims had been asserted by answer. After verdict, opportunity was afforded appellant to file exceptions to the verdict, which the court is required to consider, and if in any particular sustained, the verdict must be either modified to that extent or a new trial granted. "When condemnation is by judicial proceeding, the usual practice requires no plea or answer on the part of a defendant, and it has been held that it is not error to strike out an answer filed. A reason why there is no strict necessity that the owner should appear and answer is that the land can be condemned only on the payment of just compensation to the owner, and this, of course, must be ascertained and paid whether or not the owner appears and answers." 10 Ruling Case Law, pp. 212, 213.

Appellant in its answer, after admitting that public interests may require the opening of an alley in the square in question, denied that the alley to be opened is in the public interest. It is alleged that the alley should extend at a uniform width to New Hampshire avenue, instead of at varying width to Oregon avenue, but there is nothing alleged to the effect that the commissioners in this proceeding have abused the discretion reposed in them by law. Before an appellate court will set aside the judgment in a condemnation proceeding, on the ground that there has been an abuse of discretion, it must clearly appear that the commissioners have exceeded their authority. In MacFarland v. Elverson, 32 App. D. C. 81, 86, this court said: "When the power to condemn and take property for a public use has been by general statute conferred upon municipal officers by the proper legislative authority, it rests with such officers to determine whether it shall be exercised, and when and to what extent it shall be exercised. This discretion lies entirely with the local authorities. It is for them to determine when a public improvement is necessary, and, so long as they do not exceed or abuse the power delegated to them, the courts are powerless to inquire into the motives which actuate them or the propriety of the contemplated improvement."

It is further contended that the commissioners are without jurisdiction in this proceeding, since it does not appear that they "have duly considered and deemed such an alley to be necessary" in the public interest. Appellant plants his assignment in this particular upon the cases of Fay v. MacFarland, 32 App. D. C. 295, and Lynchburg Investment Corporation v. Rudolph, 40 App. D. C. 129. In these cases it was held that all jurisdictional facts in a proceeding of this kind must be proven or conceded, and that the burden is upon the officers seeking condemnation to prove these facts. The necessity of such proof was not lessened by the striking of the answer in this case. The establishment of these facts is essential to give the court jurisdiction. The failure, however, to establish jurisdiction by competent proof of the facts essential must clearly appear in the bill of exceptions, and the absence of a statement in the bill showing this defect raises the presumption that the proceedings were regular and that the court acted within its lawful jurisdiction. "Where no exceptions are taken during the trial, the presumption must be that the rulings of the court were correct;" and that presumption in this case is confirmed by the fact that no complaint in that regard is made in the statement filed as the foundation of the motion for a new trial. Crim v. Handley, 94 U. S. 652, 656, 24 L. Ed. 216.

The bill of exceptions in this case is silent in respect of the jurisdictional facts. Neither does it purport to give the substance of all the testimony in the case. It recites "that the foregoing is the substance of all the testimony bearing upon the exceptions herein reserved on behalf of the respondent, Concord Improvement Co." No exception with respect to jurisdiction was reserved at the trial or in the objections and exceptions filed after verdict. In the Fay Case, chiefly relied upon

by counsel for appellant, an answer was filed denying that the commissioners had determined that the opening of the alley was in the public interest. The answer was stricken and at the trial no evidence was offered of this jurisdictional fact, but at the conclusion of the trial and before verdict the question of jurisdiction was raised and overruled. After verdict a motion to vacate was made based upon the lack of jurisdiction. In its opinion the court said: "This defect in the proceedings was called specially to the attention of the court by appellants in the objections filed before the decree of confirmation was entered."

There is nothing in the record from which to infer that all jurisdictional facts were not established by competent proof, and as no exception was reserved at the trial or in the objections or exceptions filed after verdict respecting jurisdiction, and the assignments relating to the striking of the answer were not filed for almost seven months after the bill of exceptions was submitted to the court for signature, it was too late under the rules of the court for amendments to the bill of exceptions. But as heretofore stated, the striking of the answer deprived the appellant of no substantial right to which it was otherwise entitled. It was entitled at the trial to raise any proper jurisdictional question, and the failure to disclose that any such question was raised disposes of the contention of appellant.

We find nothing in the overruling of appellant's objections and exceptions to the verdict which would justify a modification thereof or the reopening of the case for a new trial. The evidence adduced was amply sufficient to sustain the verdict of the jury, and in the absence of anything in the record indicating partiality or corruption or grave mistake of fact on the part of the court, it is the duty of the appellate tribunal to sustain the verdict. As was said in Columbia Heights Realty Company v. Rudolph, 217 U. S. 547, 30 S. Ct. 581, 586, 54 L. Ed. 877, 19 Ann. Cas. 854: "The power of the court to review the award by such a jury must, in the very nature of the matter, be limited to plain errors of law, misconduct, or grave error of fact indicating plain partiality or corruption. The jury saw and heard the witnesses; the court did not. The jury went upon and viewed the premises; the court did not. The duty to review did not involve mere error in judgment as to the extent of enhancement in value, for the judgment of the jury manifest-ly rested upon much which could not be brought before the court. The jury was expected to exercise its own judgment, derived from personal knowledge from a view of the premises, as well as from the opinion evidence which might be brought before them."

The judgment is affirmed, with costs.