The decree of the District Court is affirmed.

**ST. BERNARD CYPRESS CO., Limited, et al.**
**v. UNITED STATES.**

No. 6668.

Circuit Court of Appeals, Fifth Circuit.

June 20, 1933.

R. C. Milling and William J. Guste, both of New Orleans, La., for appellants.

E. E. Talbot, U. S. Atty., and J. W. Hopkins, Sp. Asst. to U. S. Atty., both of New Orleans, La.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

This appeal, like that in Guste v. U. S. (C. C. A.) 55 F.(2d) 115, attacks a spillway condemnation award. The proceedings were conducted under the authority of the Mississippi River Flood Control Act of May 15, 1928 (33 USCA § 702a et seq.). Section 4 of the act (33 USCA § 702d), authorizing the Secretary of War to cause condemnation proceedings to be instituted, provides: "In all such proceedings the court, for the purpose of ascertaining the value of the property and assessing the compensation to be paid, shall appoint three commissioners, whose award, when confirmed by the court, shall be final."

As in the Guste Case, two sets of commissioners were appointed. Here, however, the attack is on the second award. No complaint is made of the setting aside of the first. Upon the issues made in the condemnation suit, full instructions in regard to ascertaining the value of the land to be taken, and the damage if any, to the remainder, were given the commissioners.[1] No exceptions were taken. The award, after describing the property, declaring the ownership, and stating the amount of land taken, took the form of a finding "that the fair market value of said land on the date of first condemnation, to wit, June 26, 1929, was Forty-four Thousand, Nine Hundred Ninety and 92/100 ($44,-990.92) Dollars. This amount includes interest at the rate of five (5%) per cent per annum from the date of first condemnation to the date of this finding, on the amount of the valuation of the entire acreage involved, as the Commission considers that the condemnation for guide levee sites practically amounted to a taking of all the property included between the guide levees. The Commission leaves to the Court the question of interest after the date of this finding."

Appellants filed sixteen exceptions to the award, all attacking it generally as unjust, inadequate, and arbitrary, the result of gross prejudice and incompetence. None of these exceptions pointed to any specific act of corruption or partiality or to any definite thing of the kind. All of them, except the first, which complained of the failure to allow damages for that part of the land not actually taken, asserted in general terms that the commissioners had failed to observe and follow the law and the evidence. They were in substance and in effect merely general complaints that the award was unsatisfactory as opposed to the law and the evidence. They were as general as an exception to a jury verdict would be if it complained only that the verdict was contrary to the law and the evidence. The first, though specific as to the particular item referred to in it, the failure to award damages for part of the land not taken, was as general as the rest in its dependence for the determination of its correctness, upon a reading of the whole record in

the case. It was not urged before the District Court, as it is sought to be urged here, that the award was ambiguous or incomplete, nor was any request made of that court to refer the matter back for further findings.

The position taken there was in effect that the award was contrary to the great preponderance of the evidence; that it had been arrived at through the failure of the commissioners to consider controlling principles of law and controlling testimony of facts. It was attempted by an examination of some of the commissioners to have the court inquire into and determine how they had reached their award, and whether they had acted correctly in so doing. No plain errors of law were shown, no facts were alleged showing either misconduct or grave error of fact, indicating partiality or corruption. What was undertaken to be instituted and tried out before the District Judge was a mere fishing expedition through an inquisition against the commissioners, to find out how they had performed their task, as a predicate to then having the judge hear and dispose of the matter, which the statute had commended to the commissioners. This excursion the judge properly declined to join or permit, and the exceptions pointing out no specific wrong, injustice, or error of fact or of law authorizing the award to be disturbed, he rightfully overruled them.

Appellants come here vigorously urging error in the confirmation of the award, and asking the reversal of the judgment on the grounds, first, that it appears therefrom that the commissioners failed to consider the question of damages to the whole tract of land; second, that the award was ambiguous, and there was error in declining to permit their examination; third, that in arriving at the award the commissioners did not apply the correct principles of law and did not give proper consideration to all of the facts.

Appellee points out as to the first two grounds that appellants made no such contention before, assigned no such error to the action of the District Judge; that the insistence below was not that the commissioners had failed to consider and determine the question of damage to the part of the tract not taken, but that they had considered that question and had erroneously failed to award damages due. The commissioners were elaborately instructed in substance, to allow full compensation; the value of the lands taken and the damage, if any, to the part not taken. The form of the award was not prescribed, nor was it material. The fact and substance

[1] Among other instructions they were told: "Finally, I shall state that you have been selected with special reference to your fitness for the position and the duties that you are expected to discharge, and such information and experience as you may have may be brought to your aid to assist you in the performance of your office. You should view the premises affected, or to be affected, and your functions include the exercise of your own judgment and inspection of the lands taken, as well as a consideration of the evidence adduced by the parties."

of it was. The commissioners awarded to the defendants the sum of money they thought necessary to compensate them for that of which they were deprived. Though not so stated in terms, the effect of what they found was that the value of the land taken would make the defendants whole. When the award came in, the respondents made no complaint of the failure to find specifically on the matter of damages. They neither claimed that there was ambiguity in the award nor that it showed an omission to pass upon any question necessary to its completeness. On the contrary, they complained of it on the ground that the matter had been considered and erroneously decided. If the respondents had thought there was any uncertainty about it, it was their duty to have called it to the attention of the court below, by a request for re-reference. Having accepted the report as finding against them for damages to the land not taken, they cannot now be heard to attribute a contrary effect to it. We may say, however, that, these matters of want of proper exception and assignment aside, we think it plain that the award was a complete one, and that, had the point now sought to be made against it been made below, it ought to have been overruled.

We come then to the last point, the attack upon the award as unjust, arbitrary, unsupported by the law and the evidence, and that the trial court erred in not reviewing the record and determining for himself that it was. The nature of these proceedings which are by the authorities made clear, make it plain we think, that this general attack upon the action of the court below, presents nothing requiring review. In Columbia Heights Realty Co. v. Rudolph, 217 U. S. 547, 30 S. Ct. 581, 586, 54 L. Ed. 877, 19 Ann. Cas. 854, a point identical with that urged here was rejected as without merit. There the specification of error was that "the court erred in refusing to review the evidence taken before the jury, and to determine if the verdict was unjust and unreasonable." There, as here, the trial court had instructed the jury to go upon and view the premises; there, as here, the evidence was not heard by the jury in the presence of the court, but outside of its presence, and there, as here, their verdict and judgment was based upon other aids in addition to the testimony preserved of record. Discussing and determining the character of the proceeding, and the place of court and commissioners in it, the Supreme Court summed up thus:

"The power of the court to review the award by such a jury must, in the very nature of the matter, be limited to. plain errors of law, misconduct, or grave error of fact indicating plain partiality or corruption. The jury saw and heard the witnesses; the court did not. The jury went upon and viewed the premises; the court did not. The duty to review did not involve mere error in judgment as to the extent of enhancement in value, for the judgment of the jury manifestly rested upon much which could not be brought before the court. The jury was expected to exercise its own judgment, derived from personal knowledge from a view of the premises, as well as from the opinion evidence which might be brought before them. Shoemaker v. U. S., 147 U. S. 282, 13 S. Ct. 361, 37 L. Ed. 170. No specific wrong, injustice, or error is pointed out. Even if we had all of the evidence before us, it would not be within our province to weigh it."

Here the range and scope of the power of the commissioners and the finality of their award "when confirmed by the court" is made even more conclusive by the words of the act authorizing this proceeding. In the Guste Case we sustained the action of the court in setting aside the award, pointing out that though, in the absence of specific claim and proof of plain partiality or corruption, of fraud or mistake, whether of law or of fact, the court was not required to consider the evidence adduced before the commissioners, it had the right, in its discretion, to do so, and to set the award aside if it appeared palpably unjust. In this case it is the refusal of the court to set the award aside, and not its setting aside, which is complained of. The statute declares that, when confirmed by the court, the award shall be final. In the Guste Case the evidence was not brought up to us; in this case it is. Because it is here, and because of appellants' insistence that a reading of the record will show them to have suffered a great wrong, we have, notwithstanding the want of exception and assignment, and notwithstanding the generality of the claims of prejudice, partiality, and arbitrariness, painstakingly examined the record. We are convinced that, though the record does furnish grounds for differences of opinion, it affords no basis whatever for a finding that the award was the result of partiality or corruption, or of plain mistake of law or fact, or that there was an abuse of discretion in failing to set it aside.

The judgment is affirmed.