## JOPLIN ICE CO. v. UNITED STATES.
### No. 10565.

Circuit Court of Appeals, Eighth Circuit.
Dec. 30, 1936.

A. J. Curran, of Pittsburg, Kan., and George B. Lang, of Joplin, Mo. (James T. Blair, of St. Louis, Mo., and Milo A. Lang, of Joplin, Mo., on the brief), for appellant.

E. F. McMahon, Sp. Asst. to the Atty. Gen. (Robert H. Jackson, Asst. Atty. Gen., Sewall Key, M. H. Eustace, and C. S. Titus, Sp. Assts. to the Atty. Gen., and Maurice M. Milligan, U. S. Atty., and Richard K. Phelps, Asst. U. S. Atty., both of Kansas City, Mo., on the brief), for the United States.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

The Joplin Ice Company brought this suit at law to recover income taxes alleged to have been wrongfully assessed and paid by it for the calendar year 1928, and the case was tried to the court, a jury having been waived. The court made findings of fact and conclusions of law covering all the issues, and on August 11, 1934, entered final judgment thereon against the plaintiff, dismissing the case. The plaintiff filed a motion for new trial which was entertained by the court and stayed the running of time to appeal until it was overruled, on May 29, 1935. Northwestern Public Service Co. v. Pfeifer (C.C.A. 8) 36 F.(2d) 5. On that date the plaintiff noted an appeal in open court, and the court then and there granted such appeal. No bill of exceptions was preserved, but a transcript on appeal was lodged in this court on January 21, 1936, and the government has moved to dismiss the appeal on the ground: "That the appeal herein was not perfected within the period prescribed by section 8 of the Act of February 13, 1925, c. 229, 43 Stat. 936 (U.S.C., title 28, § 230 [28 U.S.C.A. § 230]), in that the motion for new trial was overruled * * * on May 29, 1935, the time for appeal as extended expired on August 29, 1935, and while an appeal was asked and allowed in open court, the assignment of errors was not filed therewith as required by Rule 23 of the Rules of the Eighth Circuit and was not filed until September 24, 1935, on which date a petition for appeal was filed."

1. As to the petition for appeal on September 24, 1935. The record discloses that, in addition to the appeal which it noted in open court and which was granted May 29, 1935, the Ice Company filed a petition for appeal on September 24, 1935, and on that date the District Court made a second order allowing appeal. September 24, 1935, was three months and twenty-six days after the order denying the motion for new trial was entered, so that the appeal allowed on that date was plainly too late. The Act of February 13, 1925, § 8(c) (28 U.S.C.A. § 230), provides:

"Sec. 8. (c) No writ of error or appeal intended to bring any judgment or decree before a circuit court of appeals for review shall be allowed unless application therefor be duly made within three months after the entry of such judgment or decree."

Having been taken out of time as limited by law, the attempted appeal of September 24, 1935, was a nullity, Chicago, M. & St. P. Ry. Co. v. Leverentz (C.C.A. 8) 19 F.(2d) 915, and our sole inquiry on the motion to dismiss is as to the appeal allowed May 29, 1935.

2. The record sustains the statement in the motion to dismiss that no assignment of errors was filed at that time, as required by rule 23 of this court. Instead of filing its assignment of errors with its application for the appeal on May 29, 1935, the Ice Company applied for, and "for good cause shown," was allowed an extension of time "to file assignments of error—for a period of sixty days from the 23rd day of July, 1935"—that is, to a date three months and twenty-three days after the denial of the motion for new trial.

The order so extending the time to file assignments of error was entered on the 22d day of July, 1935, and the record does not disclose what the grounds were which were deemed sufficient to excuse the filing of the assignments of error at the time they

are required to be filed under rule 23 and to justify postponing the filing of any assignments of error to a date later than the date fixed in the statute for the taking of an appeal. The record does show, however, that no assignments of error were filed within the time fixed by the court's order. Sixty days from July 23, 1935, would be September 21, 1935, as there were eight more days in July and thirty-one in August, making thirty-nine days, and that left till the 21st of September. The last day, September 21st, did not fall on Sunday so as to raise any question of an extra day, such as was settled for this court in Northwestern Public Service Company v. Pfeifer, supra. The record shows that no assignments of error were filed until September 24, 1935, which was three days after the time limited on the court's order. It therefore cannot be claimed that the assignments of error were filed pursuant to the leave or authorization granted by the trial court. Without considering whether the trial court could fix a different time for filing the assignment of errors than the time prescribed by rule 23, it is clear that in this case rule 23 was not complied with.

█ It has been argued in resistance to the motion to dismiss that this court would have the power to take jurisdiction of the appeal initiated by the allowance of appeal on May 29, 1935, notwithstanding there was a failure to comply with the rule 23, and cases are cited to the point that the jurisdiction of this court does not depend upon the filing of the assignment of errors. Old Nick Williams Co. v. United States, 215 U.S. 541, 545, 30 S.Ct. 221, 54 L.Ed. 318; Columbia Heights Realty Co. v. Rudolph, 217 U.S. 547, 551, 30 S.Ct. 581, 54 L.Ed. 877, 19 Ann.Cas. 854; U. S. v. Kieling (C.C.A. 9) 68 F.(2d) 163; Board of County Commissioners v. U. S. (C.C.A. 10) 64 F.(2d) 775; Green v. U. S. (C.C.A.9) 19 F.(2d) 850; Bernard v. Lea (C.C.A. 4) 210 F. 583; Hultberg v. Anderson (C.C.A. 7) 203 F. 853.

But our question here is not as to the jurisdiction of the court; it concerns the enforcement of rule 23. The rule is to the same effect as the earlier rule 11, and it has been consistently held that compliance with the rule is a prerequisite to a hearing in this court. American Surety Co. v. People of Colorado (C.C.A.) 22 F. (2d) 624; Reeder v. Morton-Gregson Co. (C.C.A.) 296 F. 785; Kreuzer v. United States (C.C.A.) 254 F. 34; Reed v. Anderson (C.C.A.) 236 F. 345; Lockman v. Lang (C.C.A.) 132 F. 1; Simpson v. First Nat. Bank (C.C.A.) 129 F. 257; Webber v. Mihills (C.C.A.) 124 F. 64; Frame v. Portland Gold Mining Co. (C.C.A.) 108 F. 750; Flahrity v. Union P. Railroad Co. (C.C.A.) 56 F. 908; Union Pacific R. R. Co. v. Colorado E. R. R. Co. (C.C.A.) 54 F. 22; United States v. Goodrich (C.C.A.) 54 F. 21.

To sanction the practice followed by the Ice Company in this case would be equivalent to extending the time fixed by statute for taking an appeal, and that we may not do.

█ It is argued that errors were committed by the trial court in this case which are so patent on the face of the record that this court should take notice of them in furtherance of justice, but we are satisfied, on careful inspection of the record, that the clear and explicit findings of the trial court fully sustain its judgment, and that, in the absence of any bill of exceptions, there was no merit in the attempted appeal.

It should be dismissed for want of compliance with rule 23.

Appeal dismissed.