UNITED STATES v. CERTAIN LAND SIT-
UATE IN WAYNE COUNTY, STATE OF
MISSOURI, WAPPAPELLO RESER-
VOIR, ST. FRANCIS RIVER PROJECT
et al.

Nos. 76-W, 118-W, 128-W, 130-W, 132-W,
134-W, 145-W, 146-W.

District Court, E. D. Missouri, Southeastern
Division.

Sept. 18, 1941.

Harry C. Blanton, U. S. Atty., of Sike-
ston, Mo., and M. Walker Cooper, Sp. Asst.
to the U. S. Atty., of Bloomfield, Mo., for
plaintiff.

Rush H. Limbaugh, of Cape Girardeau,
Mo., for certain defendants.

James A. Finch and James A. Finch, Jr.,
both of Cape Girardeau, Mo., and Roy W.
McGhee, of Piedmont, Mo., for certain
defendants.

DAVIS, District Judge.

The above cases are condemnation pro-
ceedings to acquire property essential to
the construction of the Wappapello Reser-
voir on the St. Francis River. This project
is part of the Mississippi River flood con-
trol program, authorized by Act of May,
1928, 33 U.S.C.A. 702a et seq., and extend-
ed to tributary streams by Act of June, 1936,
33 U.S.C.A. §§ 702j—1, 702j—2 and
702k—1.

The applicable statute, § 702d, provides
in part: "The Secretary of War may cause
proceedings to be instituted for the acquire-
ment by condemnation of any lands, ease-
ments, or rights of way which, in the opin-
ion of the Secretary of War and the Chief
of Engineers, are needed in carrying out
this project, the said proceedings to be in-
stituted in the United States district court
for the district in which the land, easement,
or right of way is located. In all such pro-
ceedings the court, for the purpose of as-
certaining the value of the property and
assessing the compensation to be paid, shall

appoint three commissioners, whose award, when confirmed by the court, shall be final".

In due course Commissioners were appointed, awards were made, and exceptions thereto were filed by the plaintiff in all (withdrawn in one), and by the property owners in some, of the cases. The plaintiff contends that the awards are excessive and the defendants say that in some instances they are inadequate. The exceptions were heard upon the oral testimony of witnesses and certain documents and exhibits offered in evidence. The testimony in the main was the opinions of witnesses as to the value of the lands.

█ The question arises as to the function of the Court in these proceedings and the scope of the inquiry and hearing.

In the case of United States v. Hess, 8 Cir., 70 F.2d 142, rehearing denied, 8 Cir., 71 F.2d 78, it was determined that the parties were not entitled to a jury trial, and that the procedure provided by the Flood Control Act was adequate and exclusively controlling. However, the Court did say that in Missouri the procedure on the trial of exceptions should follow state practice in similar cases to the extent that testimony may be heard as to the adequacy of the award, and the Court may enter such order as justice may require, including the order of re-appraisement for good cause shown.

This latter statement, it has sometimes been thought, means that the filing of exceptions to an award in a flood control proceeding has the same result as in the Missouri condemnation practice; that is, the mere entry of the exceptions in effect sets aside the award; that the amount of compensation is to be determined in a trial de novo; that the award is to be regarded as having no probative value. This view has to some extent been aided by the decision in Frances-Ralph Realty Co. v. United States, 8 Cir., 52 F.2d 92, where the Court said that the Court may determine the value of the property taken, upon sustaining exceptions to the award of the Commissioners, where the parties have stipulated that such procedure should be followed. The situation has also been confused by the fact that at this time there are many condemnation proceedings being prosecuted in this Court under the State law, where the Missouri practice is being followed.

In the cases before the Court no stipulation has been made by the parties to the effect that the Court may determine the compensation in the event awards are not confirmed. The scope of the inquiry must be determined by the statute itself, aided by the decisions. The statute above quoted says that the value of the property and the amount of compensation shall be determined by the Commissioners. However, the Court may consider the award and determine whether it should be confirmed. The judgment that the Court is called upon to render is one confirming or disaffirming the award. If it confirms the award, the amount thereof shall be final. If it disaffirms the award, it must direct a re-appraisement by Commissioners, for there is no authority in the Court to determine the value of the property.

█ The appraisement of the value of property by Commissioners or viewers is the method almost universally followed in condemnation cases. Such a commission is the recognized equivalent of a common law jury. The commissioners usually have special knowledge of property in the vicinity of that sought to be taken, and they have the advantage of the opportunity to enter upon, view and inspect the particular property that is to be condemned. That they are directed to do. Their judgment is based upon personal knowledge and information that the Court does not possess and cannot acquire in a hearing. Their award is comparable to the verdict of a jury. If the award has a reasonable factual basis, it would seem that a Court should be reluctant to disturb it. It should be viewed as though it were the verdict of a jury.

█ In Columbia Heights Realty Co. v. Rudolph, 217 U.S. 547, 30 S.Ct. 581, 586, 54 L.Ed. 877, 19 Ann.Cas. 854, the Court had before it a condemnation case originating in the District of Columbia. The statute was strikingly similar to the section of the Flood Control Act involved in these cases. There the Commission or Jury was composed of seven, instead of three persons. The statute in part provided: "The court shall have power to hear and determine any objections which may be filed to said verdict or award, and to set aside and vacate the same, in whole or in part, when satisfied that it is unjust or unreasonable, and in such event a new jury shall be summoned, who shall proceed to assess the damages or benefits, as the case may be." Act June 6, 1900, 31 Stat. 667, § 6.

794

In considering the scope of review of an award under this statute, the Supreme Court said: "The power of the court to review the award by such a jury must, in the very nature of the matter, be limited to plain errors of law, misconduct, or grave error of fact indicating plain partiality or corruption. The jury saw and heard the witnesses; the court did not. The jury went upon and viewed the premises; the court did not. The duty to review did not involve mere error of judgment as to the extent of enhancement in value, for the judgment of the jury manifestly rested upon much which could not be brought before the court. The jury was expected to exercise its own judgment, derived from personal knowledge from a view of the premises, as well as from the opinion evidence which might be brought before them. Shoemaker v. United States, 147 U.S. 282, 13 S.Ct. 361, 37 L.Ed. 170. No specific wrong, injustice, or error is pointed out. Even if we had all of the evidence before us, it would not be within our province to weigh it."

The nature of the review of the award made by Commissioners as thus announced by the Supreme Court has been held applicable to cases arising under the Flood Control Act. St. Bernard Cypress Co. v. United States, 5 Cir., 65 F.2d 711; Guste v. United States, 5 Cir., 55 F.2d 115, 117.

These cases state the law. To what end should a Court undertake to weigh the evidence, and make a finding as to value? It cannot enter judgment based upon its independent finding, but must re-submit the matter to a commission if it sets aside the award. Should this process continue until the commissioners reach a conclusion that accords with the view of the Court? To do so would strip Commissioners of their authority to determine the amount of the compensation to be paid to property owners in condemnation cases. It would vest the Court with authority not granted by the statute, and not consonant with our fundamental law.

The function of the reviewing court is to look for "plain mistake whether of law or fact, or plain partiality or corruption". Guste case, supra.

Infirmities of that nature in the awards are not relied upon in these cases, and the evidence has no tendency in that direction. On the contrary, the awards are supported in amount by substantial evidence offered at the hearing. In no instance are they either unreasonably excessive or inadequate. The exceptions should in each case be overruled and the awards confirmed.

Separate findings of fact and conclusions of law are filed herewith. Judgments accordingly may be tendered.