**SAUAFEA MOELATA of Aua, Plaintiff**

**v.**

**A. VAAITAUTIA of Aua, Defendant**

No. 51-1948

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: in Aua]

January 16, 1948

A. A. MORROW, *Chief Justice;* NUA, *District Judge;* and APE, *District Judge.*

DECISION

Heard at Fagatogo January 2 and 8, 1948.
Sauafea Moelata *pro se;* Laulusa for A. Vaaitautia.

MORROW, *Chief Justice.*

A. Vaaitautia offered certain land in Aua for registration as the communal land of the Vaaitautia family. The offer was accompanied by a survey of the land and filed

with the Registrar of Titles. Sauafea Moelata filed an objection to the proposed registration, claiming the surveyed land as his own individual property.

The evidence clearly indicated that the land has had plantations on it ever since about 1926 or 1927. There is a dispute as to whether it had plantations on it prior to that time. The objector introduced evidence to the effect that he and his three brothers and his brother-in-law, Pastor Wiki, began to cut trees on the land in 1926 to clear it for plantations, and that it was bush prior thereto. In 1926 the objector was 14 years of age; Kose, his surviving older brother was 18. One brother is dead. The other brother is younger than Sauafea and must have been under 14 in 1926.

Unutoa, 70 years of age, testified that the land was cleared from bush by Tufaga and himself and others, who had died long ago, and that the clearing occurred before the establishment of the Government in 1900. Uli, 54, likewise testified that it was cleared before the Government was established. Tufaga, who appeared to the judges to be at least 70 years of age and more likely 80, testified that he was 28 years old when the land was cleared from bush. Despite the testimony of Sauafea and his witnesses, we think the testimony preponderates in favor of the view that the land was cleared either before the Government was established or shortly thereafter. While Sauafea and his brothers and Pastor Wiki may have cut some small trees on the land in 1926-7 we are confident that it was not bush land at that time; that any trees cut in 1926 were second growth.

In view of all the evidence, although some of it is contradictory, we are convinced that in 1926 or 1927 when the objector, his brothers and Pastor Wiki, entered upon it, the land was already under Samoan customs the property of the title Tufaga, and we so find.

The next question that arises is whether the Tufaga has lost the ownership of the land through adverse possession by Sauafea and his brothers and Pastor Wiki for 20 years.

Tufaga testified that he gave Pastor Wiki permission to enter upon the land and put in plantations, and that he planted crops pursuant to the permission. Pastor Wiki, who was a married man in 1926, appears to have been the leader in entering upon the land. Certainly it was not the objector who was only 14 years old, or the objector's younger brother, nor does it seem likely that Kose who was only 18 at the time would be the leader. How old the brother who died was does not appear.

█ It is our conclusion from the evidence that Pastor Wiki was given permission by Tufaga to enter upon the land in 1926 or 1927 and put in plantations, and that he entered pursuant to such permission. What would be more natural than that his young brother-in-law, the objector then 14 or 15 years of age, should help him get the land ready for plantations and to help him put them in along with the other brothers? That a 14- or 15-year-old boy, as the objector was, should enter upon the land and claim it as his own so as to start the 20-year period of adverse possession running seems highly improbable. We do not believe from the evidence, circumstantial and direct, that he did. We think that Pastor Wiki got permission from Tufaga to enter and that the objector and his brothers (brothers-in-law of the Pastor) went with the Pastor to the land to help the latter put in his plantations.

Tufaga testified that ". . . after Wiki asked permission and his plantations was on the land about 8 years and then Liufau, Wiki's father-in-law, asked permission that he wanted to plant bananas on this land and I said alright and bananas start to bearing and all these people make use of it." "Q. Whom do you refer to as all these people? A. The sons of Liufau Mulitalo, that is Sauafea and his brothers

and sisters. I stop them from going on this land but they continued going up there."

The earliest date Sauafea claims to have gone on the land with his brothers and Pastor Wiki was 1926. Eight years thereafter would make 1934. Conceding that Sauafea's possession, if he had such in 1934, did become adverse then, he could not become the owner through operation of the doctrine of adverse possession until 1954. Pastor Wiki left Aua for Upolu. Tufaga's testimony would indicate that he did not leave prior to 1934. The testimony of other witnesses indicated that he may have left as early as 1928 and ceased using the land for his plantations in that year. We think from the evidence that the possession until Wiki's departure for Upolu was pursuant to the permission of Tufaga.

Conceding that Wiki did cease using the land in 1928 (and that would be the view most favorable to the objector) the required 20-year period of adverse possession, if Sauafea did have such as early as 1928, would not end until 1948. Vaaitautia offered the land for registration on May 1, 1947. The objector filed his objection on May 26, 1947. The filing of the objection marked the commencement of this action. At that time the 20-year period could not have expired.

█ "It is a firmly established rule that the commencement of suit prior to the expiration of the applicable limitation period interrupts the running of the statute of limitations as to all parties to the action and their privies, not only as to all causes of action set forth in the complaint or petition, but also as to all defenses which may be interposed by the defendant." 34 Am.Jur. 202. See also *Linn & L. Timber Co. v. United States*, 236 U.S. 574, 59 L.Ed. 725, 35 S.Ct. 440; *Columbia Heights Realty Co. v. Rudolph*, 217 U.S. 547, 54 L.Ed. 877, 30 S.Ct. 581, 19 Ann. Cas. 854; *Friel v. Alewel*, 318 Mo. 1, 298 S.W. 762, citing *R. C. L.*

*Forman v. Brewer*, 62 N.J. Eq. 758, 48 A. 1012, 90 Am.St. Rep. 475; *Clark v. Duncanson*, 79 Okla. 180, 192 P. 806, 16 A.L.R. 315; *Alexander v. Munroe*, 54 Or. 500, 101 P. 903, 103 P. 514, 135 Am.St.Rep. 840.

Assuming that Sauafea did have adverse possession as early as 1928, when he was only 16 years old, still he could not acquire title prior to 1948. Since the statute (applying foregoing well-established principle of law quoted from American Jurisprudence) had not run by May 26, 1947, it follows that Sauafea has not acquired the title to the land from Tufaga by adverse possession. However, it is very clear from the evidence that he does own the plantations.

It appeared from the testimony of Vaaitautia (and it was not contradicted in any way) that Tufaga, Matalolo, Vaaitautia and Vailapua are four matais in the same family and that it was agreed between them that Vaaitautia might register the land as the property of the Vaaitautia title, principally because Tufaga and Matalolo are very old men, Matalolo being so old that he could not come to the trial.

It is our conclusion from the evidence that the land is the communal land of the Tufaga title, and regardless of the above agreement should be registered as such.

Accordingly it is ORDERED, ADJUDGED AND DE-CREED that the land as shown in the survey accompanying the offer to register be registered as the communal family land of the Tufaga title, and the Registrar of Titles will be so advised.

Costs in the sum of $25.00 are hereby assessed against Sauafea Moelata, the same to be paid within 30 days.