## UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORA-
## TION v. DREW.

(Circuit Court of Appeals, Third Circuit.  March 5, 1923.)

No. 2906.

1. **Appeal and error ⬤⟲733—Assignments that court erred in rendering judgment for adverse party too general.**

    Assignments that the court erred in rendering judgment for plaintiff and in not rendering judgment for defendant are too general to raise any question for review.

2. **Appeal and error ⬤⟲249—Only rulings excepted to at the time reviewable in action at law tried to court.**

    Under Rev. St. § 700 (Comp. St. § 1668), the Circuit Court of Appeals is without jurisdiction to review rulings made on trial of an action at law by the court, unless they are excepted to at the time.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Action at law by William Drew against the United States Shipping Board Emergency Fleet Corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

See, also, 275 Fed. 620.

George W. Coles, U. S. Atty., and Wm. Y. C. Anderson, both of Philadelphia, Pa., for plaintiff in error.

Willard M. Harris, of Philadelphia, Pa., for defendant in error.

Before WOOLLEY and DAVIS, Circuit Judges, and MORRIS, District Judge.

MORRIS, District Judge. William Drew, plaintiff in an action at law, obtained in the court below a judgment against United States Shipping Board Emergency Fleet Corporation, defendant. The defendant brings error.

[1] A stipulation in writing waiving a jury having been filed by the parties, the issues of fact were tried and determined by the court without the intervention of a jury. The assignments of error are that the court erred in refusing to grant the motion made by the defendant to dismiss the action, on the ground that the plaintiff had failed to establish any cause of action against the defendant; that the court erred in entering judgment for plaintiff; that the court erred in not entering judgment for defendant. The last two assignments, by reason of their generality, are insufficient to present any questions to this court for its consideration. The Blakeley (C. C. A.) 285 Fed. 348. Moreover, the Fleet Corporation in fact relies entirely upon its first assignment of error.

[2] With respect to the motion referred to in that assignment, made at the close of plaintiff's case, the record discloses that the court said it would consider the motion as a motion for a nonsuit. Thereupon the Fleet Corporation, without offering any testimony, rested. It does not appear that there was any express ruling upon the motion. The court

⬤⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

found for the plaintiff and gave judgment accordingly. The Fleet Corporation did not except to the action of the court. R. S. § 700 (Comp. St. § 1668), provides for a review of the rulings of the court in the progress of the trial of the cause, in cases at law tried by the court, only if the rulings are "excepted to at the time." Our jurisdiction is regulated by that act. Apache County v. Barth, 177 U. S. 538, 542, 20 Sup. Ct. 718, 44 L. Ed. 878. Hence, in the absence of a supporting exception, the first assignment, also, must fail. Pauchet v. Bujac (C. C. A.) 281 Fed. 962; Norris v. Jackson, 9 Wall. 125, 19 L. Ed. 608, and Rose's notes thereon; Gonzales v. Buist, 224 U. S. 126, 130, 32 Sup. Ct. 463, 56 L. Ed. 693. See, also, Eagle Mining Co. v. Hamilton, 218 U. S. 513, 515, 31 Sup. Ct. 27, 54 L. Ed. 1131. Having, however, in the consideration of the case, made a thorough study of the record, briefs and cases bearing upon the questions presented, we deem it proper to say that, were it within our province to review the rulings of the court below, we should arrive at the same conclusion as did the learned trial judge.

The judgment of the court below is affirmed.