**In re MORGAN et al.**

**STROH v. DE CARPENTIER.**

Circuit Court of Appeals, Sixth Circuit.
May 8, 1928.

No. 4935.

1. Chattel mortgages ⬤⟹63—Mortgagee's affidavit that mortgage secured $3,000 held in compliance with law requiring statement of claim, though only $1,000 was actually advanced with $2,000 future obligation (Gen. Code Ohio, § 8564).

Mortgagee's affidavit at time of filing chattel mortgage that amount of claim for which

mortgage was given to secure was $3,000 held in compliance with Gen. Code Ohio, § 8564, requiring statement under oath, of the amount of claim, and that it is just and unpaid, though at time affidavit was made mortgagee had only actually advanced $1,000, but was under obligation to take up other notes totalling $2,000, there being no claim of fraud.

2. Chattel mortgages ⬤⟹63—Consideration for chattel mortgage need not be entirely paid prior to making affidavit stating amount mortgage was given to secure (Gen. Code Ohio, § 8564).

In order to comply with Gen. Code Ohio, § 8564, requiring, before instrument is filed, statement by mortgagee or agent as to amount of claim secured by chattel mortgage and that it is just and unpaid, it is not necessary that consideration be entirely paid prior or at time affidavit was made, providing affidavit is made in good faith.

3. Appeal and error ⬤⟹181, 719(1)—Objection not raised in trial court or assigned as error would not be considered, without clear showing of injustice.

Appellate court would not consider objection, which was not raised in lower court or by assignment of error, in absence of clear showing that injustice had been done.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

In the matter of D. Earle Morgan and another, a partnership doing business as the Morgan Paper Company, bankrupt. From an order confirming an order of the referee, allowing the claim of J. H. De Carpentier, E. M. Stroh, trustee, appeals. Affirmed.

Frank H. Fisher, of Youngstown, Ohio (Doyle, Fisher & Stroh, of Youngstown, Ohio, on the brief), for appellant.

R. C. Huey, of Youngstown, Ohio (Oscar E. Diser and H. H. Hull, both of Youngstown, Ohio, on the brief), for appellee.

Before MOORMAN and KNAPPEN, Circuit Judges, and ANDERSON, District Judge.

ANDERSON, District Judge. This is an appeal from an order confirming an order of a referee finding that the appellee, by virtue of a chattel mortgage, had a good and valid claim against a bankrupt estate for $1,000.

The appellee, on March 2, 1926, loaned the Morgan Paper Company, $1,000 in cash, and agreed to take up two notes, of $1,000 each, previously made to other parties by the bankrupt. The company gave appellee its note for $3,000 secured by a chattel mortgage on a motor truck and certain furniture.

The appellee filed the mortgage for record and made affidavit in accordance with Ohio General Code, § 8564, "that the amount of the claim which said mortgage is given to secure is three thousand and no/100 dollars and that it is just and unpaid."

Needing money for his own business, the appellee did not take up the other two notes. The paper company became bankrupt. The appellee filed his claim for a lien for $1,000 and it was allowed by the referee. On petition for review the District Judge confirmed the order of the referee.

[1] This appeal involves only one question. Did appellee in making his affidavit when his mortgage was filed, comply with section 8564, General Code of Ohio? The applicable part of this section is: "The mortgagee, his agent, or attorney, before the instrument is filed, must state thereon, under oath, the amount of the claim, and that it is just and unpaid, if given to secure the payment of a sum of money only."

There is no claim of fraud advanced by the trustee, and the referee and the District Court found that the transaction was in good faith. The trustee contends, however, that the chattel mortgage is void in that the affidavit to the mortgage does not truly set out the amount of consideration given for the mortgage, as required under section 8564, General Code of Ohio.

[2] At the time affidavit was made, appellee had actually advanced $1,000, and was under obligation to take up two other notes of $1,000 each. It is not necessary for the consideration to be entirely paid prior or at the time affidavit is made to comply with the statute, if the affidavit is made in good faith. Engleright v. Annesser, 10 O. C. D. 406; Benedict v. Peters, 58 Ohio St. 534, 51 N. E. 37.

In the case of Benedict v. Peters, it is said:

"The mischief intended to be remedied by the provisions of section 4154 [now 8564] was the giving of colorable mortgages by debtors for the purpose of covering up their property and hindering and delaying honest creditors in the pursuit of their legal remedies against them. The statement required by this section to be made under oath by the mortgagee on the mortgage, as to the amount of his claim and that it is just and unpaid, is vital to the spirit of the statute in the light of the mischief it was intended to prevent. It subjects the conscience of the party to the severe test of an oath as to the amount and justice of his claim to be secured by the mortgage."

The Ohio cases relied on by the appellant are typified by In re Hugill (D. C.) 100 F. 616, 11 O. F. D. 413, where $284.38 was owed, and the affidavit stated that the amount was $2,500, and the transaction was intended in some manner to protect Hugill against claims arising out of a threatened damage suit. None of these cases is applicable to a case like the case at bar, where the transaction was in the utmost good faith, and it is not claimed that any fraud was perpetrated upon either precedent or subsequent creditors.

Nor are the New Jersey cases, construing a somewhat similar statute and cited by appellant applicable to the state of facts presented here, which in our opinion do not come within the evils that are sought to be corrected by the Ohio Statutes, as pointed out in Benedict v. Peters, supra. Besides, the earlier rule in New Jersey has been relaxed as shown in McCullough v. McCrea (3 C. C. A.) 287 F. 342, where it is said:

"Until about the year 1908, the courts of New Jersey regarded the affidavit annexed to chattel mortgages as a statutory requirement of considerable technicality. * * * But the policy of the courts changed from that of strict technical requirement to that of substantial compliance. The rule now is that, in the absence of fraud, if the affidavit truthfully states the substance of the transaction, and there is an honest and substantial compliance with the statute, the mortgage will not be set aside," etc.

[3] The point is also made in appellant's brief that the affidavit is invalid, because the official position of the official before whom it was taken does not appear on its face. The question seems nowhere to have been raised below. The mortgage and affidavit were admitted without objection on the score we are now considering, viz. lack of appearance of Hager's official position. There is no assignment of error relating to this subject. It is fundamental that we should not consider this present objection on review, at least in the absence of a clear showing that injustice has been done. No such showing is made. On the contrary, counsel have stipulated by way of supplemental transcript of record, that the original instrument shows on its face the impress of Hager's seal as notary public for Mahoning county. There is thus no merit whatever in the trustee's present contention which seems to have been first expressed in her supplemental brief.

In the instant case the findings of the referee and the opinion of the District Judge correctly set out the law applicable to the facts involved.

Affirmed.