## CENTURY INDEMNITY CO. v. NELSON.*

### No. 7618.

Circuit Court of Appeals, Ninth Circuit.

June 22, 1936.

As Amended June 7, 1937.

*Rehearing denied July 19, 1937.

DENMAN, Circuit Judge, dissenting.

Rehearing denied; DENMAN, Circuit Judge, dissenting.

Jewel Alexander, Wm. C. Bacon, Redman, Alexander & Bacon, and R. P. Wisecarver, all of San Francisco, Cal., for appellant.

D. Hadsell, Joe G. Sweet, Everett A. Ingalls, and R. L. Lamb, all of San Francisco, Cal., for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

This is the second appeal in this case. We refer to the opinion on the first appeal, Nelson v. Century Indemnity Co., 65 F. (2d) 765, for a statement of facts. The former appeal was taken by G. Nelson from a judgment that she take nothing. This appeal is by her opponent the Century Indemnity Company, which will hereafter

be referred to as the indemnity company, from a judgment in favor of G. Nelson for the full amount claimed. G. Nelson, appellee, is suing the indemnity company, appellant, as assignee of a judgment rendered against that company in an attachment suit, No. 204668, commenced by V. Berges in the superior court of California in San Francisco, against N. Abraham, H. Silverman, L. Silverman, doing business under the name of N. Abraham Mercantile Company, and the San Francisco Iron & Metal Company. (Silverman and Silberman are stipulated to be one and the same.)

On the first trial the indemnity company, which had executed a release of attachment bond on behalf of the San Francisco Iron & Metal Company, H. Silberman, and L. Silberman, defeated recovery by G. Nelson on the judgment in action No. 204668, supra, assigned to her upon the ground that she was trustee for the Fidelity & Casualty Company, hereinafter referred to as the fidelity company, which had executed a similar bond on behalf of N. Abraham for the release of his property attached. The fidelity company had advanced the money to G. Nelson to purchase the judgment. Upon this basis the indemnity company claimed that the superior court judgment (in action No. 204668) had been paid by the fidelity company for N. Abraham, one of the judgment debtors. It will be observed that in the first trial the indemnity company relied upon the interrelationship between the parties as disclosed by the judgment roll and by the bonds given in action No. 204668. Now, the position of the parties being reversed, the indemnity company claims that the findings and the judgment in the superior court action No. 204668 do not correctly show that interrelationship. It now claims that N. Abraham as between the defendants was in fact the principal and only debtor, and that his surety, the fidelity company, having paid the debt, the indemnity company has no further responsibility therefor on account of the release bond given by it.

Before discussing appellant's claims of error some procedural questions should be first considered. Many of the indemnity company's assignments of error, and five of the seven specifications of error in its brief, are based upon the failure of the trial court to make certain special findings requested by the indemnity company. These assignments and specifications can-

not be considered because the findings were proposed after the trial had been completed and after the court had announced its decision, and hence did not occur during the trial. Continental Nat'l Bank v. Nat'l City Bank of N. Y. (C.C.A.) 69 F.(2d) 312, 317, and cases therein cited.

There remain two other specifications of error, 1 and 4, to be considered, which are as follows:

"1. The court erred in that the judgment is contrary to the law of the case established on the first appeal which provides that recovery can be had only for contribution or reimbursement and no more.

"4. The court erred in admitting in evidence the pleadings and findings of fact in the prior case of Berges v. Abraham containing a collateral finding of fact that San Francisco Iron & Metal Company had agreed with N. Abraham to pay that particular debt which formed the basis of the judgment in the case of Berges v. Abraham and holding the defendant, Century Indemnity Company, was also bound thereby."

The fourth specification of error, supra, is predicated upon assignments of error Nos. 7 and 8, which are as follows:

"7. That said court erred in admitting into the record as evidence, over the objection of this defendant, the findings of fact and particularly finding 'IV' of said findings of fact in the judgment roll in the case of Berges v. Abraham et al.

"8. That said court erred in failing and refusing to find that finding IV in the findings of fact in the case of Berges v. Abraham et al., was not res adjudicata as between the defendants in said action and is not res adjudicata between the parties to the present action."

The eighth assignment of error is based upon refusal of the trial court to make certain findings requested by the indemnity company, as we have already pointed out. This request came too late and need not be considered.

Assignment No. 7 fails to conform to our rule 11 with reference to assignments of error in the admission of evidence, because it does not "quote the full substance of the evidence admitted or rejected." United States v. Nat'l Bank of Commerce of Seattle (C.C.A.) 73 F.(2d) 721; Fidelity & Deposit Co. of Maryland v. Lindholm, 66 F.(2d) 56, 89 A.L.R. 279. Nei-

ther does it state the objection made by the defendant nor an exception taken, as required by the rule. Goldstein v. United States (C.C.A.) 73 F.(2d) 804.

Specification of error No. 4 also violates our rule 24 in two particulars. It does not set forth separately and particularly each error asserted and intended to be urged. Two errors are specified; one, the admission of certain evidence, and, two, deciding that the appellant is bound thereby. The rule also provides: "When the error alleged is to the admission or to the rejection of evidence, the specification shall quote the full substance of the evidence admitted or rejected." The specification does not set out the full substance of the evidence received.

Therefore, specification 4, and assignments 7 and 8, upon which it is based, violate our rules and need not be considered.

This leaves for consideration specification of error No. 1. This specification is based upon assignments of error numbered 1, 2, 3, 4, 5, 6, 9, 10, 11, 13, 15, 17, 19, 20, 22, 23, 25, 26, 27, and 28. Most of these assignments specify the refusal of the trial court to make certain findings of fact requested by the indemnity company. These assignments, as we have stated, cannot be considered because the requests therefor were made too late. This is true in the case of the following assignments: 2, 3, 4, 5, 6, 9, 10, 11, 13, 15, and 20. Of the other assignments referred to by appellant in support of this specification of error, Nos. 17, 23, 25, 26, 27, and 28 are too general to be considered. Virginia Ry. Co. v. Chambers (C.C.A.) 46 F.(2d) 20; U. S. Shipping Board E. F. Corp. v. Drew (C.C.A.) 288 F. 374; Columbia Pictures Corp. v. Lawton-Byrne-Bruner Ins. Agency (C.C.A.) 73 F.(2d) 18. Assignment No. 22 is "that the judgment is contrary to law in that it is not justified by any evidence nor is it supported by findings of fact." This assignment is not only too general, but it embraces three different assignments of error contrary to our rule 11. The alleged errors embraced in this assignment are as follows: First, "that the judgment is contrary to law. * * *" This cannot be considered because too general. Washburn v. Douthit (C.C.A.) 73 F.(2d) 23. Second, "that it is not justified by any evidence * * *." This assignment is also too general and is not based upon any ruling of the court pointed out in the specification. Hecht v. Alfaro (C.C.A.) 10 F.(2d) 464.

Third, "nor is it supported by findings of fact." This latter assignment, if entirely separate from the other two, would be a proper assignment to challenge the sufficiency of the findings of fact to support the judgment. Assignment 22 need not be considered because it violates the rule requiring assignments of error to "set out separately and particularly each error asserted and intended to be urged."

Assignments of error Nos. 1 and 19 are yet to be considered.

Assignment No. 1 assigns as error the denial of appellant's motion for nonsuit. The appellant proceeded after the ruling to offer its testimony and thus waived any error in the ruling. Bogk v. Gassert, 149 U. S. 17, 13 S.Ct. 738, 37 L.Ed. .631; Maryland Casualty Co. v. Jones (C.C.A.) 35 F. (2d) 791; United States v. Alberty (C.C. A.) 63 F.(2d) 965.

Assignment No. 19 is, "that the judgment is contrary to law in this, that it adjudges in effect that the plaintiff can recover as and for an assignment of the judgment, whereas her sole right of recovery is for contribution or reimbursement and not as assignee of the judgment." This assignment does not point out a ruling of the trial court on any proposition of law or fact claimed to be erroneous. If the appellant desired a ruling of the trial court upon a proposition of law involved in the case not arising from the rulings upon the introduction or rejection of evidence, or the overruling of its motions or demurrers, it should have formulated its proposition of law and have requested a ruling thereon. Hecht v. Alfaro (C.C.A.) 10 F.(2d) 464, supra. The basic difficulty in the presentation of this appeal is the assumption by the Century Indemnity Company that it could raise its various contentions by requests for findings of fact made after the trial was concluded.

It is exceedingly unsatisfactory to dispose of this case solely because of failure of the parties to comply with the rules pertaining to the assignments of error and specifications of error. We therefore add the following observations with reference thereto: An assignment of error must be based upon an error which actually occurred in the trial of the case. If no error occurred there is no basis for the assignment. Gartner v. Hays (C.C.A.) 272 F. 896. Here, as we have said, the failure to make findings requested after the trial

was not an error during the course of the trial and is not reviewable.

Specifications of error stand upon a different footing, being required by rule of this court and by the rules of most appellate courts for convenience of the court and for greater certainty in the presentation and disposition of cases on appeal. For that reason we have been more liberal in dealing with the matter of specifications of error in the brief than in dealing with assignments of error in the record. A violation of our rule, however, justifies the court in refusing to consider the specifications which violate the rule.

On the first appeal, Nelson v. Century Indemnity Co., 65 F.(2d) 765, supra, we held that if the San Francisco Iron & Metal Company had assumed the debt due from its codefendants and joint judgment debtors as found by the superior court of the state in its findings of fact in action No. 204668, and if the value of the property of the San Francisco Iron & Metal Company released from attachment in that action by virtue of the bond of the indem-

nity company given therein, and herein sued upon, equalled or exceeded the amount due on the judgment secured by V. Berges in action 204668, then, in that event, G. Nelson was entitled to recover the full amount furnished to her by the fidelity company and in turn paid by her to Berges for the assignment of the judgment and bond of the indemnity company.

The trial court found on the retrial that the value of the property of the San Francisco Iron & Metal Company released from attachment by the indemnity company's bond was over $6,000, thus exceeding the amount of the judgment secured by V. Berges in action 204668.

It might be urged that its findings of fact with relation to whether or not the San Francisco Iron & Metal Company has assumed to pay the debt of N. Abraham, was not a finding of the ultimate fact involved because the court in its findings merely quoted the findings of the superior court of the state without in express terms adopting them as its own. (See footnote [1].) However, the appellant does not

---

[1] XII. That in said action entitled V. Berges v. San Francisco Iron & Metal Company which is mentioned in paragraph II of these findings, the plaintiff alleged by amendment to her complaint, and the defendants H. Silberman, L. Silberman and San Francisco Iron & Metal Company, a corporation, in answer to said amendment to the complaint denied, as follows: "That prior to the commencement of this action and for good and valuable consideration, defendant San Francisco Iron & Metal Company, a corporation, agreed to and did assume all of the obligations and liabilities of said N. Abraham Mercantile Company and of N. Abraham, H. Silberman, 1st Doe to 10th Doe individually and as copartners doing business under the name of N. Abraham Mercantile Company; that about October, 1927, defendant San Francisco Iron & Metal Company received all or practically all of the property and assets of the other defendants in this paragraph mentioned and, in consideration thereof and other valuable considerations, specially promised and agreed to apply the said property and assets to the payment of the claim and matters herein sued for, but that said defendant San Francisco Iron & Metal Company has wholly failed to do."

XIII. That thereafter the court in said action after the trial thereof made and entered its findings of fact: "That prior to the commencement of this action and for

good and valuable consideration, defendant San Francisco Iron & Metal Company, a corporation, agreed to and did assume all of the obligations and liabilities of said N. Abraham Mercantile Company and of N. Abraham, L. Silberman and San Francisco Iron & Metal Company, a corporation, individually and as joint adventurers and as copartners doing business under the name of N. Abraham Mercantile Company; that prior to the commencement of this action, defendant San Francisco Iron & Metal Company, a corporation, received all or practically all of the property and assets of the N. Abraham Mercantile Company and of N. Abraham, L. Silberman and San Francisco Iron & Metal Company, a corporation, individually and as joint adventurers and as copartners doing business under the name of N. Abraham Mercantile Company, and in consideration thereof and other valuable considerations specially promised and agreed to apply said property and assets to the payment of the said indebtedness to the said Goodyear Redwood Lumber Company, but that said defendant San Francisco Iron & Metal Company has wholly failed to do so."

XIV. That the terms of said judgment so rendered in said action are as follows:

"This cause coming on regularly to be heard and after the evidence was introduced and argument had by counsel for the respective parties, the court made and

attack these findings on the ground that they are of probative rather than ultimate facts. On the contrary, in its assignment No. 21, it urges "that the said court erred in finding that the San Francisco Iron & Metal Company agreed to pay the . debt which formed the subject matter of the judgment sued on, in that there is no evidence to support said finding and it is contrary to the evidence." This assignment of error shows that instead of claiming that the court found the probative facts rather than the ultimate facts with relation to the agreement of the San Francisco Iron & Metal Company, the appellant is relying upon the alleged failure of the evidence to support the finding of this ultimate fact. In view of the findings, first, that the value of the property released by the indemnity company's bond amounted to $6,000, second, that the San Francisco Iron & Metal Company had assumed and agreed to pay the debt of N. Abraham, it follows from our decision on the former appeal that the judgment of the trial court is correct.

During the trial of this action the parties submitted the case upon all the testimony introduced at the former trial and upon other evidence then adduced. The indemnity company objected to the introduction of the judgment roll in action No. 204668. The objection was not well taken. Introduction of the judgment roll was the proper way to prove the judgment. Fennell v. United States, 67 F.(2d) 768; McKinley Bros. v. McCauley, 215 Cal. 229, 9 P.(2d) 298; Terry v. Gibson, 23 Colo.App. 273, 128 P. 1127. What the appellant seeks to raise is the question of the probative effect of the findings and judgment therein (No. 204668) upon the defendants therein and upon their sureties in privity with them in this action between such sure-

ties. That question is a debatable one, but is involved herein only as it affects the sufficiency of the evidence as a whole to support the judgment. Although the appellant moved for judgment, presumably upon the ground that the evidence would not support a judgment in favor of the plaintiff and appellee, it did not except to the ruling of the court denying the motion nor did it assign such ruling as error. Assignments 25, 26, 27, and 28 (cited in footnote ²) do not refer to that ruling and are too general. The assignment should be, "The court erred in denying the defendant's motion for judgment." Furthermore, the appellant introduced a witness, L. Silberman, who was one of the copartners and codefendants in action No. 204668. He testified that the partnership which had purchased the steel rails from N. Abraham subsequently dissolved, and that the San Francisco Iron & Metal Company assumed all indebtedness of the copartnership.

This evidence alone was sufficient to support the implied conclusion of the trial court that the San Francisco Iron & Metal Company had assumed the obligations of the copartners. It is clear that the judgment and findings in action No. 204668 are conclusive that "the indebtedness sued upon was that of the partnership." It is therefore of no importance whether the finding in the superior court action No. 204668 relative to the assumption of the entire debt by the San Francisco Iron & Metal Company is conclusive upon the parties to the action. We may assume as appellant contends that without additional evidence it is not. There is, therefore, no reason for relaxing our rule with reference to the specifications of error and there is no basis for relaxing the rule with reference to assignments of error as should be done only in case of a plain error unas-

filed its findings of fact and conclusions of law. Pursuant thereto, It is hereby ordered, adjudged and decreed:

"(1) That plaintiff, V. Berges, do have and recover from the defendants, N. Abraham, L. Silberman and San Francisco Iron & Metal Company, a corporation, individually and as joint adventurers and as copartners doing business under the name of N. Abraham Mercantile Company, the sum of five thousand six hundred forty-three and 65/100 ($5,643.65) dollars, together with her costs of action taxed at $69.90.

"(2) That defendants take nothing by

reason of their counter claim and cross-complaint.

"Dated: October 10, 1929."

² 25. That the said court erred in ordering, rendering and in entering final judgment herein on June 16, 1934.

26. That the said court erred generally in refusing to order judgment in favor of this defendant and against plaintiff.

27. That the said court erred in ordering judgment for plaintiff for any sum at all.

28. That the said court erred in refusing to order judgment for the defendant upon the evidence in the cause.

signed (rule 11) and so clearly prejudicial as to result in injustice. In re Morgan (C.C.A.6) 26 F.(2d) 183; Mutual Life Ins. Co. v. Parkinson (C.C.A.3) 72 F.(2d) 759.

Judgment affirmed.

### Opinion as amended.

This is the second appeal in this case. We refer to the opinion on the first appeal, Nelson v. Century Indemnity Co. (C.C.A.) 65 F.(2d) 765, for a statement of facts. The former appeal was taken by G. Nelson from a judgment that she take nothing. This appeal is by her opponent the Century Indemnity Company, which will hereafter be referred to as the "Indemnity Company," from a judgment in favor of G. Nelson for the full amount claimed.

On the first appeal, Nelson v. Century Indemnity Co., 65 F.(2d) 765, supra, we held that if the San Francisco Iron & Metal Company had assumed the debt due from its codefendants and joint judgment debtors as found by the superior court of the state in its findings of fact in action No. 204668, and if the value of the property of the San Francisco Iron & Metal Company released from attachment in that action by virtue of the bond of the Indemnity Company given therein, and herein sued upon, equaled or exceeded the amount due on the judgment secured by V. Berges in action No. 204668, then, in that event, G. Nelson was entitled to recover the full amount furnished to her by the Fidelity Company and in turn paid by her to Berges for the assignment of the judgment and bond of the Indemnity Company.

The trial court found on the retrial that the value of the property of the San Francisco Iron & Metal Company released from attachment by the Indemnity Company's bond was over $6,000, thus exceeding the amount of the judgment secured by V. Berges in action No. 204668.

G. Nelson, appellee, is suing the Indemnity Company, appellant, as assignee of a judgment rendered against that company in an attachment suit, No. 204668, commenced by V. Berges in the Superior Court of California in San Francisco, against N. Abraham, H. Silverman, L. Silverman, doing business under the name of N. Abraham Mercantile Company, and the San Francisco Iron & Metal Company. (Silverman and Silberman are stipulated to be one and the same.)

On the first trial the Indemnity Company, which had executed a release of attachment bond on behalf of the San Francisco Iron & Metal Company, H. Silberman and L. Silberman, defeated recovery by G. Nelson on the judgment in action No. 204668, supra, assigned to her upon the ground that she was trustee for the Fidelity and Casualty Company, hereinafter referred to as the "Fidelity Company," which had executed a similar bond on behalf of N. Abraham for the release of his property attached. The Fidelity Company had advanced the money to G. Nelson to purchase the judgment. Upon this basis the Indemnity Company claimed that the Superior Court judgment (in action No. 204668) had been paid by the Fidelity Company for N. Abraham, one of the judgment debtors. It will be observed that in the first trial the Indemnity Company relied upon the interrelationship between the parties as disclosed by the judgment roll and by the bonds given in action No. 204668. Now, the position of the parties being reversed, the Indemnity Company claims that the findings and the judgment in the Superior Court action No. 204668 do not correctly show that interrelationship. It now claims that N. Abraham as between the defendants was in fact the principal and only debtor, and that his surety, the Fidelity Company, having paid the debt, the Indemnity Company has no further responsibility therefor on account of the release bond given by it.

Before discussing appellant's claims of error, some procedural questions should be first considered. Many of the Indemnity Company's assignments of error, and five of the seven specifications of error in its brief, are based upon the failure of the trial court to make certain special findings requested by the Indemnity Company. These assignments and specifications cannot be considered because the findings were proposed after the trial had been completed and after the court had announced its decision and hence did not occur during the trial. Continental Nat'l Bank v. Nat'l City Bank of N. Y. (C.C.A.) 69 F.(2d) 312, 317, and cases therein cited.[1]

[1] In the petition for rehearing the appellant, for the first time, contends that his request for special findings was timely although made after the court had decided the case and granted judgment to plaintiff. This contention is made upon the ground that under Rule 42 of the District Court from the Northern District

651

There remain two other specifications of error, 1 and 4, to be considered, which are as follows:

"1. The court erred in that the judgment is contrary to the law of the case established on the first appeal which provides that recovery can be had only for contribution or reimbursement and no more."

"4. The court erred in admitting in evidence the pleadings and findings of fact in the prior case of Berges v. Abraham containing a collateral finding of fact that San Francisco Iron & Metal Company had agreed with N. Abraham to pay that particular debt which formed the basis of the judgment in the case of Berges v. Abraham and holding the defendant, Century Indemnity Company, was also bound thereby."

The fourth specification of error, supra, is predicated upon assignments of error Nos. 7 and 8, which are as follows:

"7. That said court erred in admitting into the record as evidence, over the objection of this defendant, the findings of fact and particularly finding 'IV' of said findings of fact in the judgment roll in the case of Berges v. Abraham et al.

"8. That said court erred in failing and refusing to find that finding IV in the findings of fact in the case of Berges v. Abraham, et al., was not res adjudicata as between the defendants in said action and is not res adjudicata between the parties to the present action."

The eighth assignment of error is based upon refusal of the trial court to make certain findings requested by the Indemnity Company; as we have already pointed out, this request came too late and need not be considered.

■ Assignment No. 7 fails to conform to our rule 11 with reference to assignments of error in the admission of evidence, be- cause it does not "quote the full substance of the evidence admitted or rejected." United States v. Nat'l Bank of Commerce of Seattle (C.C.A.) 73 F.(2d) 721; Fidelity & Deposit Co. of Maryland v. Lindholm, 66 F.(2d) 56, 89 A.L.R. 279. Neither does it state the objection made by the defendant nor an exception taken, as required by the rule. Goldstein v. United States (C.C.A.) 73 F.(2d) 804.

■ Specification of error No. 4 also violates our rule 24 in two particulars. It does not set forth separately and particularly each error asserted and intended to be urged. Two errors are specified: (1) the admission of certain evidence; and (2) deciding that the appellant is bound thereby. The rule also provides: "When the error alleged is to the admission or to the rejection of evidence, the specification shall quote the full substance of the evidence admitted or rejected." The specification does not set out the full substance of the evidence received.

Therefore, specification 4, and assignments 7 and 8, upon which it is based, violate our rules and need not be considered.

■ This leaves for consideration specification of error No. 1. This specification is based upon assignments of error numbered 1, 2, 3, 4, 5, 6, 9, 10, 11, 13, 15, 17, 19, 20, 22, 23, 25, 26, 27, and 28. Most of these assignments specify the refusal of the trial court to make certain findings of fact requested by the Indemnity Company. These assignments, as we have stated, cannot be considered because the requests therefor were made too late. This is true in the case of the following assignments: 2, 3, 4, 5, 6, 9, 10, 11, 13, 15, and 20. Of the other assignments referred to by appellant in support of this specification of error, Nos. 17, 23, 25, 26, 27, and 28 are too general to be considered. Virginian Ry. Co. v. Cham-

---

of California the trial is still in progress until findings are rendered by the trial court. This rule (rule 42 U.S.Dist. Court for the Northern District of California) is quoted at length in our decision written by Judge Denman, Lando v. Equitable Life Assur. Soc. of U. S., 84 F.(2d) 640, and need not be repeated here in full. The rule provides that rendition of the decision or opinion shall be considered "as merely a preliminary order for judgment." This rule is evidently adopted to prevent the possibility that the "decision" or "opinion" should be deemed or taken as "findings of fact" on the one hand, or as a "judgment" on the other hand, and thus to give to the successful party an opportunity thereafter to prepare special findings. The rule of the District Court is evidently not intended to extend the time of the trial so that requests for findings thereafter made should be considered as made during the trial. If the rule were construed as the appellant insists it should be, it would be beyond the power of the District Court for the trial is concluded when the decision is made.

bers (C.C.A.) 46 F.(2d) 20; U. S. Shipping Board E. F. Corp. v. Drew (C.C.A.) 288 F. 374; Columbia Pictures Corp. v. Lawton-Byrne-Bruner Ins. Agency Co. (C.C.A.) 73 F.(2d) 18. Assignment No. 22 is "that the judgment is contrary to law in that it is not justified by any evidence nor is it supported by findings of fact." This assignment is not only too general, but it embraces three different assignments of error contrary to our rule 11. The alleged errors embraced in this assignment are as follows: First, "that the judgment is contrary to law * * *." This cannot be considered because too general. Washburn v. Douthit (C.C.A.) 73 F.(2d) 23. Second, " * * * it is not justified by any evidence." This assignment is also too general and is not based upon any ruling of the court pointed out in the specification. Hecht v. Alfaro (C.C.A.) 10 F.(2d) 464. Third, "nor is it supported by findings of fact." This latter assignment, if entirely separate from the other two, would be a proper assignment to challenge the sufficiency of the findings of fact to support the judgment. Assignment 22 need not be considered because it violates the rule requiring assignments of error to "set out separately and particularly each error asserted and intended to be urged."

Assignments of error Nos. 1 and 19 are yet to be considered.

■ Assignment No. 1 assigns as error the denial of appellant's motion for nonsuit. The appellant proceeded after the ruling to offer its testimony and thus waived any error in the ruling. Bogk v. Gassert, 149 U.S. 17, 13 S.Ct. 738, 37 L.Ed. 631; Maryland Casualty Co. v. Jones (C.C.A.) 35 F. (2d) 791; United States v. Alberty (C.C.A.) 63 F.(2d) 965.

■ Assignment No. 19 is "that the judgment is contrary to law in this, that it adjudges in effect that the plaintiff can recover as and for an assignment of the judgment, whereas her sole right of recovery is for contribution or reimbursement and not as assignee of the judgment." This assignment does not point out a ruling of the trial court on any proposition of law or fact claimed to be erroneous. If the appellant desired a ruling of the trial court upon a proposition of law involved in the case not arising from the rulings upon the introduction or rejection of evidence, or the overruling of its motions or demurrers, it should have formulated its proposition of law and have requested a ruling thereon. Hecht v. Alfaro (C.C.A.) 10 F.(2d) 464, supra. The basic difficulty in the presentation of this appeal is the assumption by the Century Indemnity Company that it could raise its various contentions by requests for findings of fact made after the trial was concluded. Although the appellant moved for judgment, presumably upon the ground that the evidence would not support a judgment in favor of the plaintiff and appellee, it did not except to the ruling of the court denying the motion nor did it assign such ruling as error. Assignments 25, 26, 27, and 28 (cited in footnote 2) do not refer to that ruling and are too general. The assignment should be, "The court erred in denying the defendant's motion for judgment." An assignment of error must be based upon an error which actually occurred in the trial of the case. If no error occurred there is no basis for the assignment. Gartner v. Hays (C.C.A.) 272 F. 896. Here, as we have said, the failure to make findings requested after the trial was not an error during the course of the trial and is not reviewable.

■ Specifications of error stand upon a different footing, being required by rule of this court and by the rules of most appellate courts for the convenience of the court and for greater certainty in the presentation and disposition of cases on appeal. For that reason we have been more liberal in dealing with the matter of specifications of error in the brief than in dealing with assignments of error in the record. A violation of our rule, however, justifies the court in refusing to consider the specifications which violate the rule.

The judgment is affirmed.

DENMAN, Circuit Judge (dissenting).

I am unable to concur in the denial of the consideration of the merits of the contention of this petition for rehearing, name-

2 25. That the said court erred in ordering, rendering and in entering final judgment herein on June 16, 1934.

26. That the said court erred generally in refusing to order judgment in favor of this defendant and against plaintiff.

27. That the said court erred in ordering judgment for plaintiff for any sum at all.

28. That the said court erred in refusing to order judgment for the defendant upon the evidence in the cause.

ly, that the court erroneously held the findings support the judgment.

In the opinion so holding we proceeded ex industria to discover that the following assignment of error, "that the judgment is contrary to law in that it is not justified by any evidence nor is it supported by findings of fact," violated a procedural rule because it contains the assignment of more than one error and fails to "set out separately and particularly each error assigned and intended to be urged."

I say ex industria, because the first brief of the appellant on the appeal set forth this contention, as follows: "The findings, conclusions of law, and judgment of the court are, therefore, not sustained by any findings and are not in accord with the law of the case as established by this court in its prior decision." And also: "Therefore, the judgment of the court in the present instance is not only not sustained by any findings but * * *."

The brief of the appellee meets the contention under this statement of the error with many pages of argument. What is important is, that appellee never then questioned that the court is sufficiently advised of the claimed merits of the appeal by the assignment of error which says that the judgment is not sustained either by the evidence or by the findings. He did not only not raise any question as to the imperfection of the assignment, but he assumes, and in effect, by his silence, admits, it is good.

Having ex industria found that the assignment of two errors does not comply with the rule for their separation, our first opinion on this appeal then proceeds to state: "It is exceedingly unsatisfactory to dispose of this case solely because of failure of the parties to comply with the rules pertaining to the assignments of error and specifications of error." And it then goes on to hold that the findings do sustain the judgment in the following holding: "In view of the findings, first, that the value of the property released by the Indemnity Company's bond amounted to $6,000, second, that the San Francisco Iron & Metal Company had assumed and agreed to pay the debt of N. Abraham, it follows from our decision on the former appeal that the judgment of the trial court is correct."

It is obvious from this holding that the court was in no way embarrassed in discovering what the two parties agreed as to one of the questions of merit in the appeal.

The petition of the appellant seeks rehearing on the ground that the court erred in the above holding that the findings support the judgment. What is more important is that the appellee, *in his reply to the petition for rehearing,* assumes the merits of the contention is under consideration by the court in a chapter headed "Did the court err in concluding that the findings support the judgment?"

I believe that the reasons presented in the petition warrant the granting of the rehearing. That, *however, is not the question to which this dissent is addressed.*

It is with reference to the attitude and emphasis of a court of justice, which has jurisdiction of an appeal, in the examination of procedural steps to inform itself as to the merits of the appeal, where both parties argue the merits as if the necessary procedural steps had been taken, and raise no question of deficiency or absence of assignment.

In this case there is no failure to assign as error that the findings did not support the judgment. The assignment is there; it was clear—so clear that it caused our ruling on it. What is done by this second opinion and decision, to which this is a dissent, is to refuse to consider the merits of the petition for rehearing by striking out from the original opinion the holding to which the petition is addressed, thereby basing the opinion solely on this issue of the violation of our rule requiring separate statements of assigned error.

Even if the error had not been assigned at all, we have exercised our discretion to consider it and, in my opinion, would have abused that discretion if we had not. *After having exercised it,* it seems a denial of justice to frustrate the consideration of the correctness of our ruling by the mere process of blotting it out of the opinion to which the petition is addressed.

The suggestion that a *claim* of plain error is not sufficient, but that there must actually have been error to cause our examination of the record, involves a casuistry which defeats itself.

The Supreme Court makes no such mistake. The decision of Mutual Life Ins. Co. v. Parkinson (C.C.A.3) 72 F.(2d) 759, cited in our original opinion on this appeal, in turn relies upon the Supreme Court decision of Columbia Heights Realty Co.

v. Rudolph, 217 U.S. 547, 30 S.Ct. 581, 54 L.Ed. 877, 19 Ann.Cas. 854. In that case the Supreme Court construed its then rules 21 and 35 which reserved the right to consider plain error unassigned. The court held that it is the *claim* of error made by the plaintiff in error and not the actual existence of error which permits the invocation of the rule that the claim may be considered. This is apparent because the court did examine the record under the claim of unassigned error and did find that it was not error. Its language is:

"For these reasons, we shall exercise the option reserved under both rules 21 and 35, of examining the transcript, that we may be advised as to whether there has occurred any 'plain error' which obviously demands correction.

"1. Did the court err in allowing an assessment of benefits under the act of June 6, 1900? We think not." (Here follows two pages of discussion why the record shows they did not so "think".)

Columbia Heights Realty Co. v. Rudolph, supra, 217 U.S. 547, 552, 30 S.Ct. 581, 584, 54 L.Ed. 877, 19 Ann.Cas. 854.

See, also, Wiborg v. U. S., 163 U.S. 632, 658, 16 S.Ct. 1197, 41 L.Ed. 289.

The presence of the two errors in the assignment, which fails to comply with our rule, in no way concerns the jurisdiction of the court. Since the jurisdiction is here and the parties are here, each urging his contention on the merits of the claim of appellant, and appellee does not complain of the assignment, and since the assignment fully informs us of what the contention is, our industrious discovery of a technical procedural reason for refusing to consider its merits cannot be said to be the search for justice for which the federal courts were created.

Concerning rule 42 of the United States District Court for the Northern District of California, it is my opinion that this rule was intended to create a situation equivalent to a treatment of the decision as merely tentative and thereby extending the trial, and not to create a final disposition of the cause. I agree that if this rule could be interpreted to convert an announced decision into a statement of the judge that "I am now inclined to decide this case for such a party and desire proposed findings for my further enlightenment," the claimed error in the denial of the proposed findings in this case could be considered as a more

tenable contention, but I cannot so construe the phraseology of the rule.

I do not care to indicate what would be the effect of a standard form of such a tentative decision, required by a rule to be used by all the judges of the District Court and actually used in announcing such tentative decision, on the question whether findings thereafter requested are requested "during the trial."