## LARAMIE VALLEY RWY. CO. v. GRADERT, ET AL.
(No. 1685; Nov. 24, 1931; 4 Pac. (2d) 1096)

In support of the petition for rehearing, there was a brief by *Corthell, McCollough and Corthell,* of Laramie, Wyoming, for plaintiff in error.

RINER, Justice.

In its petition for rehearing, plaintiff in error insists, that this court misapprehended the evidence by stating in the opinion previously filed in the cause that: "There was no proof submitted in the record before us, that the cost of the proposed ditch, whether built by plaintiff or defendants, would be other than $2500." Our attention is directed to that part of the record where, in response to a question by counsel inquiring of plaintiff's engineer whether he had made an estimate of the cost "of running a ditch along the southeast side of the right of way, on the lands of the defendants sufficient and adequate" to irrigate the lands on that side of the tract, the witness, testifying before the commissioners, responded that he had made such an estimate and that "at twenty five cents a foot for eight thousand feet" it "would make Two Thousand Dollars." But the only location of the proposed ditch possible—without an express agreement of the parties, which did not here exist —was on plaintiff's right of way, and it is apparent that the estimate aforesaid did not deal with a ditch located thus nor furnish any data as to its cost. Further, as pointed out in the preceding opinion herein, at the time of the hearing before the commissioners, the same witness stated that only the general plan of the work was decided upon and how many headgates were to be employed and how they were to be constructed in connection with the proposed irrigation ditch could not then be told. This being so, it is difficult to see how an estimate as to the cost per foot of a proposed ditch and which had theretofore been made by the

witness, could be regarded as a statement of cost of the enterprise completed, even if the stated estimate dealt with a ditch located upon the plaintiff's property, which it plainly did not. None of the parties to the proceeding took exceptions to the findings of the commissioners relative to the cost of the proposed ditch, or ultimately insisted upon a jury trial of the damages to be allowed, and they can not, for the first time, in an appellate court, complain concerning such finding. We remain inclined to the view that our statement of the evidence referred to above was correct.

It is now said, also, that this court should have eliminated from the judgment of the District Court the order for payment of the compensation claimed by the commissioners who assessed the damages allowed. But that order was never incorporated in the decree confirming the award of the commissioners and entering a personal judgment against plaintiff for the amount of the award. As a matter of fact, the order in question was made in a subsequent proceeding, instituted by plaintiff itself to re-tax the costs in the case and nearly a month after the decree aforesaid had been signed. In the brief of plaintiff in error first filed herein, this court was asked to review that order on plaintiff's contention that it was made without jurisdiction, without due process and as unauthorized and excessive. The relief plaintiff now asks does not seem to have been suggested. We are satisfied with what was said in the original opinion concerning this point. Our conclusion is that the petition for rehearing should be denied.

*Rehearing denied.*

KIMBALL, C. J., and BLUME, J., concur.