STATE HIGHWAY COMMISSION of Wyoming, Appellant (Plaintiff below),

v.

SYSTEM INVESTMENT CORPORATION, Appellee (Defendant below).

No. 2967.

Supreme Court of Wyoming.
May 3, 1961.

Norman B. Gray, Atty. Gen., and Glenn A. Williams and Robert L. Duncan, Special Asst. Attys. Gen., for appellant.

J. M. Butler and H. F. Fellows, Rapid City, S. D., and Beatrice Raymond, Newcastle, for appellee.

Before BLUME, C. J., and PARKER, HARNSBERGER and McINTYRE, JJ.

Mr. Chief Justice BLUME delivered the opinion of the court.

On July 16, 1958, the State Highway Commission of Wyoming, the appellant in this court, filed in the District Court of Weston County, Wyoming, its petition for condemnation of about eighty acres through the lands of the System Investment Corporation, appellee in this court. Possession of the land sought to be condemned was taken pursuant to an order of the court. On July 16, 1958, H. A. Grieves, Donald Baldwin and J. E. Oliver were appointed as commissioners to assess the damages to the property of appellee herein. The commissioners duly took an oath on August 4, 1958, and on August 23, 1958, made a return of their findings and assessed the value of the property taken at $5,315. In answer to the statement "Damages, if any, to remaining property, minus benefits, if any, thereto", they wrote "Nil". On September 11, 1958, the appellee herein through its counsel filed an exception to the report of the commissioners, asking, among other things, that the proceedings in the instant case be dismissed, that the report of the commissioners be set aside and that, if the proceedings should not be dismissed, new commissioners be appointed to determine the compensation which should be justly awarded to the appellee. The appellant herein filed a motion to confirm the report of the commissioners. This was overruled by the court. The case was set for hearing on September 17, 1959. At the close of the evidence, counsel for the appellant herein substantially renewed their motion that the report of the commissioners be confirmed. The court made its findings of fact and conclusions of law, stating, among other things, the following:

"Findings of Fact

"I.

"The defendant is and was at all times mentioned herein the owner of the LAK Ranch, which consisted of approximately twenty thousand acres and located in Weston County, Wyoming. Under the condemnation pro-

ceedings commenced by the plaintiff it took actual possession of the property described in the petition on July 16, 1958, and has been in possession ever since.

## "II.

"The area taken for highway purposes by the plaintiff consisted of 80 acres and after the taking of this acreage by the plaintiff approximately 3,500 acres of the ranch will be on one side of the highway with the balance of the ranch on the other side of the highway.

## "III.

"The Commissioners appointed to appraise the compensation due the defendant in the Certificate of Award filed by them found the value of the land taken to be Five Thousand Three Hundred Fifteen Dollars ($5,315.00) and further found that there were no damages, after subtracting benefits, to the remaining property. I find that the Certificate of award filed by the Commissioners was clearly erroneous and was produced by a failure on the part of the Commissioners to even attempt to assess any damage to the remaining land.

## "IV.

"I further find that the certificate of award filed by the Commissioners was clearly inadequate as the evidence established substantial damages to the remaining land. The Commissioners were not aware of and had no knowledge of the specific plans of construction and that by reason of this lack of knowledge did not have sufficient information to make an intelligent appraisal of the damages to the remaining land.

## "V.

"I find that the land of the defendant remaining after the taking of a portion thereof for the highway is substantially damaged by reason of the interference with the operation and use of the property as a ranch and by rea-

son of the interference with the water and irrigation system and by reason of other factors. Under all the evidence I find that right and justice require an order of this Court amending the certificate of award filed by the Commissioners.

## "VI.

"I find the value of the eighty acres taken to be Six Thousand Eight Hundred Seven Dollars and twenty cents ($6,807.20);

"I find the damage to the land remaining after the taking to be Forty-one Thousand Three Hundred Six Dollars and eighty cents ($41,306.80);

"I further find that there are no special benefit accruing to the remaining land as a result of the taking of the eighty acres for highway purposes.

### "Conclusions of Law

## "I.

"Right and justice require the entry of an order amending the certificate of award filed by the Commissioners. The certificate of award should be amended to provide that the value of the eighty acres taken was $6,807.20 and that the damages to the remaining land, after deduction of benefits, to be $41,306.80.

## "II.

"The certificate of award of the Commissioners as amended should be confirmed."

Section 1–767, W.S.1957, provides that the court "shall make an order appointing three impartial freeholders of the county, not interested in a like question, to ascertain and determine the compensation to be paid to the owners and persons interested for the taking or injuriously affecting such real property for the purposes stated in the petition." Other sections of the statute applicable herein are as follows:

"§ 1–768. * * * The said commissioners before entering upon their duties as such, shall take an oath to faithfully and impartially discharge their

duties as such commissioners; and they shall carefully inspect and view the real estate sought to be taken or affected, and shall thereupon, without fear, favor or partiality, ascertain and certify the compensation proper to be made to the owners and persons interested in the real property to be taken or affected as aforesaid."

"§ 1-769. * * * The said commissioners, or a majority of them, shall make, subscribe and file with the clerk of the court in which said proceedings are had, a certificate of their said assessment, in which the said real property shall be described with convenient certainty and accuracy."

"§ 1-770. * * * The award of the said commissioners may be reviewed by the court in which such proceedings may be had, on written exceptions filed by either party, within thirty days after the filing of such certificate; and, upon good cause shown, the court may order a new assessment, or may make such other order as right and justice may require. If no sufficient exceptions be filed within the said thirty days, and if no application be made within such time for a jury trial, as provided in the next succeeding section [§ 1-771], the report of the commissioners shall be confirmed."

"§ 1-771. * * * When an assessment shall have been regularly made by the commissioners, as aforesaid, either party, within thirty days after the filing of the certificate of such assessment, if not satisfied with the award, may demand, and shall be entitled to, a trial by jury in the district court, by filing in the proceeding a written application to that effect, accompanied by an affidavit that such application is made in good faith, and not for the purpose of delay; and that the affiant verily believes injustice has been done the applicant by the award of the commissioners. If such jury trial be so demanded after an assessment is regularly made, then no new assessment by commissioners shall be ordered under the last preceding section [§ 1-770]."

On October 16, 1959, judgment was entered in conformity with the findings of fact and conclusions of law. On November 4, 1959, the appellant herein filed a motion for a new trial, asking that the judgment in the case be set aside and that a new trial be granted because there was error in the assessment of the amount of recovery, the judgment was excessive, and certain errors were committed during the course of the trial in connection with admission of certain evidence. The motion for a new trial was overruled and the case was brought here by the appellant on appeal.

■ 1. It is the contention of counsel for the appellant that under our statutes the court had only the power to determine as to whether or not the report of the commissioners should be affirmed or disaffirmed and to appoint another commission if it deemed that to be proper. They contend that the trial judge had no power to personally increase or decrease the award of the commissioners. In other words, they contend that the court in itself increasing the award acted in excess of its jurisdiction. That being the contention, we must examine and determine it even though, as noted by counsel for appellee in their brief, the specific point involved was not apparently called to the attention of the trial court. Thus it is said in 4 C.J.S. Appeal & Error § 41, pp. 161, 162:

" * * * The appellate court must of its own motion consider whether the cause was within the jurisdiction of the court or tribunal from which the appeal is taken * * *.

* * * * * *

" * * * Generally, however, the appellate court may in such cases entertain an appeal or writ of error for the purpose of reversing a judgment or order for want of jurisdiction and dismissing the case or directing its dismissal by the lower court, rather

than ordering the dismissal of the appeal, or it may set aside the judgment or proceedings, or reverse and remand the judgment or order for further proceedings * * *."

Counsel for appellee say that this court has heretofore decided that the trial court may modify the award of the commissioners and that is undoubtedly true to some extent. The case referred to is Laramie Valley Ry. Co. v. Gradert, 43 Wyo. 286, 3 P. 2d 88; Id., 43 Wyo. 353, 4 P.2d 1096. In that case the report of the commissioners assessed the damages for the land taken and the damages for injury to the remaining property. The report, however, added a provision that if a certain ditch should be constructed by the railway company along the right-of-way then the award should be reduced by $2,500. The court held that this was an illegal addition to the report which was not justified by the statute and the court further held that in view of the cost of the ditch, whether constructed by the landowner or the railway company, the addition made to the report of the commissioners made no difference, and there was neither an increase or decrease in the amount of damages. Hence, it is clear that the case is not in point herein.

The textwriters and other writers seem to be agreed that the trial judge has no power to increase or decrease the award of the commissioners except by express statutory authority. An annotation on the subject is contained in 61 A.L.R. 194, where the writer states at p. 195:

"In the absence of clearly stated statutory authority, the trial court does not have the right generally to increase or decrease the amount of an award granted by commissioners or a jury of viewers."

In 5 Nichols, Eminent Domain, p. 72 (3d ed.), the author says:

"Generally, however, in the absence of express statutory authority the trial court is without power to increase or diminish the amount of the award as determined by the jury or by commissioners. * * *"

The author cites cases from eleven different jurisdictions. It is stated in Jahr, Eminent Domain, p. 402 (1953):

"In the absence of statutory authority, the court has no power to modify an award contained in the report of the commissioners. The court's power is generally limited to confirmation or rejection. * * *"

The same rule was laid down in Mills, Eminent Domain § 246 (2d ed.), as early as 1888. To the same effect is 18 Am.Jur. Eminent Domain § 366 (1938). The cases cited by these authorities we think sustain the statements made by them. Apparently our statute was taken from Missouri. In the case of Mississippi River Bridge Co. v. Ring, 58 Mo. 491, 495, 496, it appears that the trial court attempted to reduce the award made by the commissioners. The court stated:

" * * * I think the statute does not warrant such a proceeding. The court may take evidence to review the report, to see whether it should be approved, or rejected and set aside and new commissioners appointed. But I can nowhere find that it was ever designed, that upon reviewing the case upon exceptions, the court is authorized to make any alteration, either by adding to or deducting from it. * *"

Counsel for appellee call attention to the fact that in Missouri there is a constitutional provision that the damages or benefits should be ascertained by a jury or board of commissioners and cite us to the case of City of St. Louis v. Buss, 159 Mo. 9, 59 S.W. 969. However, it is difficult to see the difference between a constitutional provision and our statutory provisions. Under our statutes, the commissioners must make the assessment for damages, giving the person who objects to the report the power to have a jury determine the damages. New Mexico has no such constitutional provision as Missouri. It has a

statute very similar to our own. The court held in State ex rel. Weltmer v. Taylor, 42 N.M. 405, 79 P.2d 937, that the trial court could not decrease or increase the award of the commissioners. The court said in part at 79 P.2d 940:

"There is no specific authority in the statute which authorizes the court, in passing on such exceptions, to substitute its judgment on the question of damages for that of the commissioners; and in the absence of specific authority, the court's power is limited to either confirming the report or ordering a second appraisement. That provision of the statute seems to have been adopted from Missouri, and in passing upon the same question, the Supreme Court of Missouri in Mississippi River Bridge Co. v. Ring, 58 Mo. 491, held that the authority of the court was limited to confirming the report, or ordering a reappraisement. See annotation 61 A.L.R. 194, where the cases are collected."

That decision was affirmed in the case of State ex rel. City of Albuquerque v. Johnson, 45 N.M. 480, 116 P.2d 1021, 1023, where the court stated, referring to the power of the trial court:

"* * * This order may be for a new appraisal by the appointed commissioners or a new appraisal by new commissioners or a confirmation of the commissioners' report. One of these three things must be done. * * *"

The case of Columbia Heights Realty Company v. Rudolph, 217 U.S. 547, 30 S.Ct. 581, 54 L.Ed. 877, 19 Ann.Cas. 854, involved a condemnation proceeding. The Act of Congress (June 6, 1900, 31 Stat. 667, § 6) provided:

"That the court shall have power to hear and determine any objections which may be filed to said verdict or award, and to set aside and vacate the same, in whole or in part, when satisfied that it is unjust or unreasonable, and in such event a new jury shall be summoned, who shall proceed to assess the damages or benefits, as the case may be * * *."

The statute is perhaps somewhat more specific than our own but involves generally the same principle that we have mentioned above. The court said in part at 30 S.Ct. 586, 587:

"* * * The power of the court to review the award by such a jury [composed of seven men] must, in the very nature of the matter, be limited to plain errors of law, misconduct, or grave error of fact indicating plain partiality or corruption. * * * The duty to review did not involve mere error in judgment as to the extent of enhancement in value, for the judgment of the jury manifestly rested upon much which could not be brought before the court. The jury was expected to exercise its own judgment, derived from personal knowledge from a view of the premises, as well as from the opinion evidence which might be brought before them. * * *"

In United States v. Certain Land Situate in Wayne County, State of Missouri, Wappapello Reservoir, St. Francis River Project, D.C.Mo., 40 F.Supp. 792, appeal dismissed 8 Cir., 128 F.2d 743, the court stated in part at 40 F.Supp. 793, relating to review by the trial court of the assessment by the commissioners:

"* * * The scope of the inquiry must be determined by the statute itself, aided by the decisions. The statute above quoted [33 U.S.C.A. 702d] says that the value of the property and the amount of compensation shall be determined by the Commissioners. However, the Court may consider the award and determine whether it should be confirmed. The judgment that the Court is called upon to render is one confirming or disaffirming the award. If it confirms the award, the amount thereof shall be final. If it disaffirms the award, it must direct a re-appraisement by Commissioners, for there is no

authority in the Court to determine the value of the property."

The court further said on the same page, speaking of the commissioners:

"* * * Their judgment is based upon personal knowledge and information that the Court does not possess and cannot acquire in a hearing. Their award is comparable to the verdict of a jury. If the award has a reasonable factual basis, it would seem that a Court should be reluctant to disturb it. It should be viewed as though it were the verdict of a jury."

See further United States v. 80.46 Acres in Erie County, D.C.N.Y., 59 F.Supp. 876, affirmed Phillips v. United States, 2 Cir., 148 F.2d 714; and United States v. Four Parcels of Land in City of New York, D.C.N.Y., 20 F.Supp. 306.

■ Section 1–771, W.S.1957, does not, expressly or otherwise, provide that the trial judge may increase or decrease the award of the commissioners. It merely provides that the party taking exceptions to the report of the commissioners may have a trial by jury. The right, the opportunity, to have such trial is limited to the party who takes exceptions to the report. If the trial judge could increase or decrease the award, then the party excepting to the report would have an advantage over the party not excepting, in that he alone can determine as to whether or not a trial by jury shall be had. In this case it may well be that the appellant would have preferred to have the damages assessed by a jury rather than by the trial judge. If the party condemning the land should take exceptions without demanding a jury, the landowner might well prefer to have the jury pass on the matter but would have no opportunity to ask that. In short, we can find no sound reason why we should not follow the great weight of authority in holding that the trial judge has no power to increase or decrease the award of the commissioners. The judgment herein must, accordingly, be reversed.

2. It is contended by counsel for the appellant that the court should have confirmed the report of the commissioners and they call attention to the fact that courts generally have held that the report of the commissioners should not be set aside lightly. It may be that in this case the court, considering that it was its right and its duty to determine the amount of damages that should be awarded, paid no or little regard to the report of the commissioners, thinking perhaps that its judgment should be based upon the preponderance of the evidence produced before it. It accepted in toto the estimate of the witness Arneson, an expert appraiser of land from Fargo, North Dakota, who testified to the elements of damage in detail. Compared to this testimony, the trial court evidently did not consider the evidence produced at the trial by the appellant as too impressive—a situation which appellant would have had to meet if the appellee had demanded a jury. Counsel cite us to City of St. Louis v. Franklin Bank, 340 Mo. 383, 100 S.W.2d 924; United States v. Certain Lands Located in Town of Highlands, Orange County, D.C.N.Y., 57 F.Supp. 96; Kornegay v. City of Richmond, 185 Va. 1013, 41 S.E.2d 45; Virginia Electric and Power Company v. Pickett, 197 Va. 269, 89 S.E.2d 76; and then say:

"In view of these authorities, it is apparent that the trial court must find the commissioners acted improperly, applied principles of law erroneously, or committed other irregular acts as stated above.

"The Record fails to show where the commissioners violated any statutory requirement or committed any of those acts condemned by the authorities cited herein."

Some of the authorities cited by counsel show that under certain circumstances at least the court is justified in setting aside a report of commissioners if the award is too inadequate or excessive. It is stated in 29 C.J.S. Eminent Domain § 310:

"The court to which the report is submitted, or in which the verdict is

returned, usually has power to set it aside on the ground that it is excessive or inadequate. Where, however, there is evidence to sustain the verdict or award, and the amount thereof is not palpably excessive or inadequate, the court will not ordinarily set it aside on that ground, unless the commissioners have fallen into some error of procedure, or have adopted an erroneous principle in estimating the damages, especially where there has been a personal view of the premises; but if it does appear that the verdict or finding is clearly either excessive or inadequate, it will be set aside * * *."

In note 81 to the text it is stated:

"(1) The allowance or refusal of an application to set aside an award on the ground of excessive or inadequate damages is generally a matter of discretion with the trial court."

A number of cases are cited.

██ We do not think that in view of Arneson's testimony we are warranted in finding that the trial court abused its discretion in not confirming the report of the commissioners. It is hardly necessary to mention the rule stated by this court in Willis v. Willis, 48 Wyo. 403, 49 P.2d 670, 678; Id., 49 Wyo. 296, 54 P.2d 814, that:

"* * * the appellate court must assume that the evidence in favor of the successful party is true, leave out of consideration entirely the evidence of the unsuccessful party in conflict therewith, and give to the evidence of the successful party every favorable inference which may be reasonably and fairly drawn from it. * * *"

Counsel for appellant also say that certain errors were committed in connection with the evidence of the witness Arneson. However, these errors, if errors they were, may not recur in the future proceedings in this case and so it is not necessary to consider them.

The judgment of the trial court is reversed and set aside. The case is remanded to the district court with direction to appoint the same or other commissioners to assess the damages to the landowner and for further proceedings not inconsistent with this opinion.

Reversed and remanded.